## Case No. 7,688.

### KEMPER v. ADAMS et al.

[5 McLean, 507.] [1]

Circuit Court, D. Illinois. July Term, 1853.

LIEN OF JUDGMENT — EFFECT OF ON LAND—CONVEYANCE.

1. The lien of a judgment is not a title to the land, against which the statute of limitations can operate. It is a security, and not a claim of title.

[Cited in Metz v. State Bank of Brownville, 7 Neb. 171; Bowen v. Billings, 13 Neb. 442, 14 N. W. 152.]

2. The conveyance of the land, after the judgment, does not affect the lien.

At law.

Mr. Logan, for plaintiff.
Mr. Lincoln, for defendants.

OPINION OF THE COURT. This is an action of ejectment, under a statute of Illinois. Possession by defendants was admitted. A patent dated 10th July, 1844, to Thomas A. Denny, was given in evidence, which covers the land in controversy. A deed from the patentee, dated 7th of July, 1843, to Bradshaw, was also in evidence. A judgment was obtained against Bradshaw, at the suit of [John H.] Kemper, for four thousand three hundred and fifty dollars, the 14th of June, 1843. The court, in which the judgment was rendered, adjourned the 20th of June, from which day the lien of the judgment attached, by a statute of the state. Execution was issued the 1st July, 1843, which was returned no property. An alias execution was issued the 15th of February, 1848, which was levied on the lands in controversy. A venditioni exponas was issued the 28th August, 1848, and the lands were sold the 8th of June, 1850. The marshal's deed was made the 7th of January, 1851, under the order of the court, by the new marshal, to the plaintiff. The defendants gave in evidence a deed from Bradshaw to Adams, for the land, dated the 10th of July, 1843; also a deed from Adams to Bavey, one of the defendants, dated 20th July, 1843.

On this defense the question is made as to the effect of the lien on the judgment. By the Revised Statute of Illinois, it is provided, that a judgment shall be a lien from the

last day of the court, at which the judgment is entered, for the term of seven years. The judgment was entered prior to the deed of the defendant, and before the deed from Bradshaw to Adams. The statute of limitations did not begin to run before the deed of the 10th of July, 1843. But the lien of the judgment is no title or claim on the land. It gives no right of possession. It is a mere security for the payment of the judgment, but is no claim to the land. The conveyance of the land, after the judgment, does not affect the lien. Until the marshal's deed was executed, there was no title in the plaintiff against which the statute could run. The jury, under the instruction of the court, found for the plaintiff. Judgment.