Metz v. The State Bank of Brownville.

---

THOMAS METZ, APPELLEE, v. THE STATE BANK OF BROWNVILLE, NEBRASKA, IMPLEADED WITH T. C. CUNNINGHAM, SHERIFF, APPELLANT.

1. **Judgment**: LIEN. A judgment is not a specific lien on the real estate of the judgment debtor. It is merely a general lien thereon, and is subject to all prior liens, either legal or equitable. The lien merely confers the right to levy on the real estate of the judgment debtor, to the exclusion of other adverse interests subsequent to the judgment.

2. ———: ENTERING JUDGMENT. In addition to the general index provided for by statute, in which the names of the parties to an action, both direct and inverse, shall be entered, the judgment record must also contain the names of the judgment debtor and the judgment creditor, arranged alphabetically.

3. ———: MUST BE INDEXED. A judgment which is valid as soon as rendered, does not become a lien upon real estate as against a subsequent purchaser, without notice, until properly indexed. And a purchaser need not search for judgment liens further than to examine the proper index.

4. ———: ———: NOTICE. A subsequent purchaser, however, is affected with such notice as the index entries afford; and if they are of such a character as would induce a cautious and prudent man to make an examination of the title, he must make such investigation, and in case of his failure to do so, he cannot plead ignorance of such facts as an examination of the record would have disclosed.

5. ———: ———: ———. In 1874, a judgment was recovered in the probate court of Richardson county against H., and in February, 1875, a transcript thereof was filed in the office of the clerk of the district court, but the name of the *judgment debtor*

was not entered in the general index under the letter H., nor
were the names of the judgment debtor and judgment creditor
arranged alphabetically in the judgment record. H., at the time
the transcript was filed, owned certain real estate in the county,
which he afterwards sold and conveyed to M., who had no
actual notice of the filing of the transcript. In an action by M.
to enjoin a sale of the premises on an execution issued on the
judgment; *Held*, that the lien of the judgment did not attach
to the land so as to affect the purchase.

6.———: ———: ———. *Quære.* Whether the entry of a judgment
against defendants, in the firm name alone, creates a lien on real
estate.

APPEAL from Richardson county, by defendant, The
State Bank of Brownville, Nebraska.

*J. H. Broady* and *Isham Reavis*, for appellant.

As between the judgment debtor and creditor there is
no need of indexing at all, except as mere matter of con-
venience, all must admit. As between them, all must
admit that the judgment was a lien from the time of
filing, whether indexed or not. If it became a lien as to
them when filed, it continued to be a lien against the
land—against everyone; and the principle of protection
to *bona fide* purchasers awarded under the laws of regis-
tration of deeds does not obtain, because the law of
registration of deeds is made for the very purpose and
object and protection to purchasers, while the court
record of judgments is for altogether a different pur-
pose—namely: to perpetuate the evidence of the debt or
claim, for the old claim is merged in the judgment, and
the judgment becomes the only claim or matter between
the original parties. The indexing is not of the sub-
stance, but may be called a luxury—simply for the con-
venience of all concerned in the record, and a conveni-
ence principally, and almost wholly, to subsequent pur-
chasers, who may wish to inquire for liens against the
lands. Making the index is a work enjoined on the

clerk by the law, for the convenience of subsequent purchasers, and when doing it the clerk acts officially; and while he is the agent, rather of the law than either of the parties, he is really doing a work for the convenience and benefit of subsequent purchasers, and if he omits that work, is liable in damages to the parties to be·benefited by that work, namely, the purchasers. *Hesse v. Mann*, 40 Wis., 560. *Chatham v. Bradford*, 50 Ga., 327. *Bishop v. Sneider*, 46 Mo., 472. *Curtis v. Tyner*, 24 Vt., 338. *Sexton v. Rhames*, 13 Wis., 99. *Schell v. Stein*, 76 Pa. St., 398. *Green v. Garrington*, 16 Ohio State, 548. *Cook v. Hall*, 1 Gilm., 579. *Merrick v. Wallace*, 19 Ill., 486. 4 Central Law Journal, p. 340. *Throckmorton v. Prince*, 28 Texas, 605.

*Schoenheit & Thomas*, and *E. B. Stephens*, for appellee,. Metz.

1. We think that it is not material in this case to decide whose duty it was to see that the entry on the judgment record was made. It is evident that no lien could be obtained until that entry was made. We would, however, submit to the court, that as the entry on the judgment record is made a condition precedent to the obtaining of a lien, it was the duty of the party insisting upon the lien to see that the statute was complied with. *Buchan v. Sumner*, 2 Barb., Ch. 195. *Frost v. Beekman*, 1 Johns., Ch. 299.

2. In states whose statutes are not as favorable to our view as those of Nebraska, it has been held that the indexing of a judgment is an essential part of the record, without which the judgment is ineffectual to impart notice to a subsequent purchaser. 5 Central Law Journal (April 13–27, 1877), 340, 387, 449. Freeman on Judgments, Sec. 343. *Buchan v. Sumner*, 2 Barb., Ch. 165. *Barnes v. McCarty*, 15 Iowa, 510. *Miller v. Brad-*

*ford,* 12 Iowa, 14.  *Jenning's Lessee v. Wood,* 20 Ohio, 261.  *Frost v. Beekman,* 1 Johns., Ch. 288.  *Thompson v. Mack,* Harr. (Mich.), Ch. 150.

MAXWELL, J.

On the twenty-first day of September, 1874, the state bank of Brownville, Nebraska, recovered a judgment against William Hall for the sum of $374.85, and costs, in the probate court of Richardson county.  On the thirteenth day of February, 1875, the bank procured a transcript of the judgment, and filed the same in the office of the clerk of the district court of Richardson county, Hall at that time being the owner of certain real estate in said county.  The cause of action upon which the judgment was recovered was a promissory note given by Hall to the bank, which was signed by Theodore Hill and Lewis Hill as sureties; no service was had upon either of the sureties, and no judgment taken against them.

The transcript was entered on the judgment record as follows:

"State Bank of Brownville, Nebraska, v. William Hall, Theodore Hill, and Lewis Hill, partners as Theodore Hill and Company.

"Transcript from records of probate court, filed February 13, 1875.

"Against whom judgment was rendered—William Hall.

"Date of judgment, September 21, 1874.

"Amount of judgment, $374.85.

"Names of parties entitled to fees:

"Attorney's fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $30 00
"Costs in probate court . . . . . . . . . . . . . . . . . . . . .   5 50"

In the general index to the records of the district court, the entries were as follows:

" PLAINTIFFS:

" Bank, the state of, Brownville.

" DEFENDANTS:

" Theodore Hill and Co.

" JUDGMENT DOCKET.

| " Book, | Page, | Amount, | Month, | Year, |
|---|---|---|---|---|
| 1 | 64 | $374 85 | September 21 | 1874 " |

" DEFENDANTS:

" Hill, Theodore and Co.

" PLAINTIFFS:

"State Bank, Brownville.

" JUDGMENT DOCKET:

| " Book, | Page, | Amount, | Month, | Year, |
|---|---|---|---|---|
| 1 | 64 | $375 85 | September 21 | 1874 " |

On the twenty-second day of September, 1875, Hall sold the real estate in controversy to the plaintiff for the sum of $2,500, and gave him a bond by which he obligated himself to execute a deed in fee simple for the premises on or before the first day of April, 1876, upon the payment of $2,400, $100 having been paid at the time of the execution of the bond. Two days thereafter the plaintiff, with the aid of the county clerk, examined the county records, for the purpose of ascertaining the condition of the title to the property in question, and in consequence of the general index and the judgment record, or either of them, failing to show under the letter " H " that Hall was a judgment debtor, the plaintiff had no notice of the filing of the transcript.

The deed from Hall and wife to the plaintiff is dated March 4, 1876, and purports to have been filed for record February 13, 1876. It is not claimed by the defendants that the plaintiff had actual notice of the judgment until after he had received a deed for the land. It

is apparent, therefore, that the mistake is in the date of the deed, and not in the filing.

In March, 1876, the bank caused an execution to issue on the judgment, which was levied upon the lands in controversy. The plaintiff commenced an action to enjoin the sale under the execution, and on the hearing the court rendered a decree in his favor, to reverse which the defendant brings the cause into this court by appeal.

Section 321 of the code of civil procedure, which took effect September 1, 1873, provides that: " The clerk of the district court shall keep at least eight books, to be called the appearance docket, the trial docket, the journal, the complete record, the execution docket, the fee book, the general index, and the judgment record."

Section 322 provides that: " On the general index he shall enter the names of the parties to any suit, both direct and inverse, with the page and book where all proceedings in such action may be found. The judgment record shall contain the *judgment debtor* and the *judgment creditor*, arranged alphabetically, the date of judgment, the amount of the same, and the amount of costs, with the page and book where the same may be found. Transcripts of judgments from justices of the peace, or courts of probate, filed in the district court shall be entered upon said judgment record; and whenever said judgment is paid off and discharged, the clerk shall enter such fact upon the judgment record in a column provided for that purpose." Gen. Stat., 529.

Section 18, chapter 14, General Statutes, provides: " That any person having a judgment rendered by a probate court may cause a transcript thereof to be filed in the office of the clerk of the district court in any county of this state, and when said transcript is so filed and *entered upon the judgment record*, such judgment shall be a lien on real estate in the county where the same is filed, and where the same is so filed and *entered*

*upon such judgment book,* the clerk of such court may issue execution thereupon in like manner as execution is issued upon judgments rendered in the district court."

The only question necessary to be considered in this case is, whether or not indexing is an essential part of the record, without which filing the transcript of the judgment by the clerk of the court would be ineffectual to impart notice of the lien to a subsequent purchaser.

It is said that the docket is an index to the judgment, invented by courts for their own ease, and the security of purchasers, to avoid the trouble and inconvenience of turning over the rolls at large. Tidd's Practice, 939. Freeman on Judgments, Sec. 343.

A judgment is not a specific lien on the real estate of the judgment debtor. It is merely a general lien upon such real estate, and is subject to all prior liens, either legal or equitable. *Rodgers v. Bonner,* 45 N. Y., 379. Freeman on Judgments, sec. 378.

The lien of the judgment is not an interest in the real estate of the debtor. The judgment creditor has neither a *jus in re* nor a *jus in rem,* as regards the debtor's property. The lien merely confers the right to levy thereon, to the exclusion of other adverse interests, subsequent to the judgment. *Grevemeyer v. Ins. Co.* 62 Penn. St., 342. *Conrad v. Ins. Co.,* 1 Peters, 386. *Kemper v. Adams,* 5 McLean, 507. *Schaffer v. Cadwallader,* 36 Penn. St., 126. *Thelusson v. Smith,* 2 Wheat., 396.

In addition to the general index provided for by statute, in which the names of the parties, both direct and inverse, shall be entered, it is also provided that the judgment record shall contain the *judgment debtor* and the judgment creditor, arranged alphabetically, etc. It is apparent, therefore, that the legislature intended that an alphabetical index should constitute a part of the record. Therefore judgments, which are valid as soon

as rendered, do not become liens upon real estate as against subsequent purchasers, without notice, until properly indexed. And such purchasers are not required to search for judgment liens further than to examine the proper index. *Hance's Appeal*, 1 Penn. St., 408. *Ridgway & Co's Appeal*, 15 Penn. St., 177. *Wood v. Reynolds*, 7 W. & S., 406. *Buchan v. Sumner*, 2 Barb., Ch. 167. *Braithwaite v. Watts*, 2 Cromp. & J., 318. Freeman on Judgments, sec. 343.

A subsequent purchaser, however, is affected with such notice as the index entries afford; and if they are of such a character as would induce a cautious and prudent man to make an examination, he must make such investigation, or the failure to do so will be at his peril. But the index in this case imparted no notice to the plaintiff, it being—" Defendants,"—" Hill, Theodore & Co."

It may be questioned whether the entry of the firm name of the defendants, without their christian names, creates a lien, but in this case no judgment was rendered against Theodore Hill & Co.

It is an indispensable element in a judgment record, in order to give subsequent purchasers notice of the filing of a transcript, that the names of the parties, plaintiff and defendant, be entered in the alphabetical index.

Webster defines " Index " to be—that which points out—that which indicates or manifests. One great object of an index is to render the contents of a book readily accessible. At this time, when inventions to save labor are in active demand, it will not be presumed that the legislature in providing for an index to the judgment record, intended it to be a useless appendage, of no validity—a mere trap for the unwary, or that a purchaser, notwithstanding the index, must spend days or weeks examining the records, in order to ascertain the condition of the title of the property he is about to pur-

chase. Such was not the legislative intent. The index affords a cheap, ready, and convenient method of ascertaining the condition of the title to real estate, and is made a part of the record, and a purchaser may rely upon it as being correct. As to the objection made by the plaintiff to the judgment against Hall, it appears from the record that the court had jurisdiction, and the plaintiff cannot now assail it for irregularities. The judgment of the district court is clearly right, and is affirmed.

JUDGMENT AFFIRMED.