Mansfield v. Gregory.

JOHN M. MANSFIELD, APPELLEE, v. E. MARY GREGORY AND JOHN S. GREGORY, APPELLANTS.

1. **Real Estate:** EQUITABLE OWNER: JUDGMENT CREDITOR. As between the owner of real estate, evidenced by an unrecorded deed, and a simple judgment creditor of his grantor, the former is to be preferred.

2. ———: ———. The lien of an ordinary judgment on the real estate of the debtor is not specific, but general, and is subject to all prior liens, either legal or equitable.

3. ———: ———. Such lien does not exceed the actual interest of the judgment debtor in the land, and is subject to every equity therein existing against the debtor at the time of its rendition.

4. ———: ———. To defeat the interest of one holding in good faith under an unrecorded deed, it is not enough to show merely that he is a judgment creditor of the grantor in the deed, or even that he is a purchaser under such judgment, but it must appear, in addition, that his lien is evidenced by some instrument, a sheriff's deed, for instance, " required to be recorded," which must be entered of record before such prior conveyance.

APPEAL from the district court for Lancaster county. Heard below before POUND, J.

*John S. Gregory*, for appellants.

*Lamb, Billingsley & Lambertson*, for appellee.

LAKE, J.

The precise questions here presented, with the single exception of that of the sufficiency of the evidence to sustain the findings of fact, were involved and decided by this court in the case of *Mansfield v. Gregory*, 8 Neb., 432. In that case the questions were raised by a demurrer to the petition, and we held, reversing the ruling of the district court, that the facts stated constituted good ground for the relief prayed. In making

that decision the rule frequently applied by this court was enforced, viz., that as between the owner of real estate evidenced by an unrecorded deed, and a simple judgment creditor of his grantor, the former is to be preferred. The lien of an ordinary judgment on the real estate of the debtor is not specific, but general, and is subject to all prior liens, either legal or equitable. *Metz v. The State Bank of Brownville*, 7 Neb., 165. Such lien does not exceed the actual interest of the judgment debtor in the land, and is subject to every equity therein existing against the debtor at the time of its rendition. *Galway et al. v. Mulchow*, Id., 285. And to defeat the interest of one holding in good faith under an unrecorded deed, it is not enough for one to show merely that he is a judgment creditor of the grantor in the deed, or even that he is a purchaser under such judgment, but in addition to this it must appear that his lien is evidenced by some instrument, a sheriff's deed for instance, "required to be recorded," which must be entered of record before such prior conveyance. Id.

In the case now before us, the evidence shows that the deed under which the plaintiff claims the land was made to him in January, 1874. The judgment under which the defendant purchased was not rendered until the November term of the district court of the same year, and the purchase at the execution sale was made two days after the plaintiff's deed was recorded. These facts stand unquestioned, and under the prior rulings of this court, the superiority of the plaintiff's equity over that of the defendant's is conclusively established.

The appellant has indulged in some criticism of the testimony of Mansfield, and his grantor, Ghost, as to the money with which the latter purchased the property in question. While there is some discrepancy between them, which may render it uncertain whether

the money used by Ghost came from Mansfield or from his wife, there is not a particle of doubt that it came from one or the other of those sources, and that Ghost regarded it as belonging to the husband. This point is, however, wholly immaterial in settling the rights of the parties to this action, for the evidence is overwhelming as to the entire good faith of both Ghost and Mansfield in the transaction, and the adjustment of their accounts is a matter which does not now concern us.

JUDGMENT AFFIRMED.