JAMES LEFFEL & CO., PLAINTIFFS IN ERROR, V. MARTIN L. SCHERMERHORN AND OTHERS, DEFENDANTS IN ERROR.

1. **Fraudulent Conveyance of Property as to Creditors.** Evidence examined and the ruling of the court below that the conveyance was not fraudulent sustained.

2. ———: INSOLVENCY AS EVIDENCE OF. The insolvency of the grantor in a deed of conveyance, although a circumstance which may be taken together with other material facts to show a fraudulent design in disposing of property, is not of itself sufficient to establish it.

3. **Pleading:** PROOF: A fact necessarily inferable from the pleadings need not be proved.

ERROR to the district court for Nuckolls county. Tried below before WEAVER, J.

*H. W. Short*, for plaintiffs in error.

Deed was without consideration and void. 1 Bouvier Institutes, secs. 576, 578. In this case there was no acceptance of either deed or property, or of the offer to sell. Under decision in 3 Neb., 140, there must have been an absolute sale or nothing. Parties have sworn it was not a mortgage, and court cannot make it such by its finding and decree. If it is a deed, is it upon sufficient consideration? *Tootle & Maule v. Dunn*, 6 Neb., 99. *Savage v. Hazard*, 11 Id., 323. Grantors are shown to be insolvent. It cannot be presumed that grantee was an innocent purchaser. *Wake v. Griffin*, 9 Neb., 47. *Knowlton v. Hawes*, 10 Id., 534.

*D. W. Barker*, for defendants in error.

LAKE, CH. J.

The action below was brought by the plaintiffs in error, who are judgment creditors of said Schermerhorn and John

W. Kern, partners, to set aside a conveyance by them to George Kern, the father of John W., of a certain mill property, as being in fraud of creditors. The fact of the plaintiffs being judgment creditors is conceded, and the defense consisted simply of a denial of the alleged fraudulent character of the conveyance.

The errors formally assigned are four, but they may be properly regarded and considered as one, viz., that the court was not warranted by the testimony in finding that George Kern was a purchaser or mortgagee in good faith, and that there was consequently no equity in the plaintiffs' case.

The conveyance complained of was in form an absolute deed, and plaintiffs' counsel urge in argument that whatever the rights of George Kern may have been the court was not justified in holding it to have been in effect a mortgage simply; that he either had the right of an absolute purchaser, or none at all. To this it may be answered that George Kern does not complain. He seems to be satisfied with the judgment in this particular. Besides, it is of no consequence to the plaintiffs whether George Kern were held to have taken by his deed an absolute interest, or only a conditional one, so long as they failed to show that he was a fraudulent grantee.

In regard to the finding of the court below upon the question of fraud, which was the vital one in the case, we have to say that after a careful examination of the evidence we see nothing whatever to correct. Indeed, there is not a particle of evidence, save the fact that Schermerhorn and John W. Kern were insolvent at the time of executing the deed, tending to the establishment of fraud on the part of either grantors or grantee. But the insolvency of the grantor, although a circumstance which may be taken, together with other material facts, to show a fraudulent design in disposing of property, has never, that we are aware of, been held sufficient of itself to establish it.

The point is also made in argument that no delivery of the deed was shown by the evidence. We think otherwise. But, even if counsel were admitted to be correct in this, our answer would be that no evidence of a delivery was needed under the pleadings, inasmuch as it is charged in the petition and admitted by the answers that the deed was so executed as to convey the title to the property from the grantors to the grantee named therein, which necessarily included a delivery of the instrument. A fact, although essential, necessarily inferable from the pleadings, need not be proved upon the trial.

We see no error in the judgment and it will be affirmed.

JUDGMENT AFFIRMED.