JULIA S. BOWEN, APPELLANT, V. BILLINGS, BOISE & CO., APPELLEES.

**Partnership Property**: LIABILITY FOR INDIVIDUAL DEBTS. In 1874 the firm of B. & L. purchased certain real estate with partnership funds, the title being taken in the name of B. In 1876 the firm became insolvent and the real property was sold to T. for a firm debt, and afterwards sold to the wife of B. While the title was in the name of B., certain transcripts of judgments against B. were filed in the district court and executions issued thereon, which were levied upon the real estate in question as the property of B. In an action by the wife to enjoin the sale, *Held*, That partnership property in case of insolvency was not liable for the individual debts of the members of the firm until the partnership debts were satisfied, and that the judgment was not a lien.

APPEAL from the district court for Adams county. Tried below before GASLIN, J.

*A. H. Bowen*, for appellant.

1. Land purchased with partnership funds, though conveyed to one partner, is partnership property. *King v. Weeks*, 70 N. C., 372.

2. Though title is taken in name of wife of one partner, the land is subject to the debts of the firm. *Price v. Hicks*, 14 Fla., 565. *Foster's Appeal*, 74 Pa. St., 391. *Thompson v. Egbert*, 3 Thomp. & C. (N. Y.), 474. 1 Hun., 484. *Clark's Appeal*, 72 Pa. St., 142. *In Re Cook*, 3 Bliss., 122. *Evans v. Hawley*, 35 Iowa, 83. *Switzer v. Smith*, 35 Iowa, 269. *Gordon v. Kennedy*, 36 Ib., 167. *Warren v. Wallace*, 38 Texas, 225.

3. Land purchased with partnership funds *must* be applied to firm debts before individual debts. *Bryant v. Hunter*, 6 Bush. (Ky.), 75. *Cornwell v. Cornwell*, Id., 369. *Nat. Bank v. Sprague*, 20 N. J. Eq., 13. *Uhler v. Semple*, Id., 288. *Bank v. Phetteplace*, 8 R. I., 56.

4. It does not matter in whom the title is; equity will regard it as partnership property, and partner as *cestui que trust*. *Hoxie v. Carr*, 1 Sumner, 173. *Sigourney v. Munn*, 7 Conn., 11. *Smith v. Ramsey*, 1 Gilm., 373. *Wilder v. Keeler*, 3 Paige C. R., 167. *Sterling v. Brightbill*, 5 Watts, 229. *Christian v. Ellis*, 1 Gratt., 396. *Lucas v. Atwood*, 2 Stewart, 378. *Topliff v. Vaile*, Harring. Ch., 340.

5. Real estate purchased with partnership funds for partnership purposes, though title be taken in individual name of one partner, in equity treated as personal property so far as is necessary to pay debts of firm. *Collumb v. Read*, 24 N. Y., 505. *Delmonico v. Gilmore*, 2 Sanford Ch., 561.

*O. B. Hewett*, for appellees.

1. There is no privity of interest which connects Julia S. Bowen or Wm. B. Thorne, her grantor, with the purchase and conveyance of the Eastern Land Association to Adna H. Bowen. The *privity*, as shown in plaintiff's affidavit, as against any interest of Adna H. Bowen in the lot is in favor of the firm of Bowen & Laird, or perhaps James Laird alone.

2. Thorne's unadjudicated debt against Bowen & Laird could not properly be made the base of an equitable claim; and even if it could, whatever interest it attached must be subject to the prior legal right of Billings, Boise & Co., as judgment creditors of Adna H. Bowen, in good faith secured by their lien.

3. The legal title was in Adna H. Bowen when the judgments became a record, and a sale and deed under executions here enjoined would have conveyed a clear title.

4. The plaintiff has a complete remedy against Mr. Thorne for failure of her title.

MAXWELL, J.

This is an action to quiet title. The plaintiff alleges in her petition in substance that she is the owner and in possession of lot 582, in the town of Juniata. She derived the title to the same as follows: That the Eastern Land Association was the owner of said premises on the 21st day of December, 1874, and on said day said association sold said lot to Bowen and Laird, the consideration being paid by them, but by mistake the deed was taken in the name of Adna H. Bowen; that in January, 1876, the firm of Bowen & Laird failed, and being largely indebted to one W. B. Thorne for moneys due from said firm, sold and conveyed said lot to said Thorn, the deed for said premises being made by Adna H. Bowen; that in March, 1878, said Thorne for a valuable consideration sold and conveyed said premises to the plaintiff; that on the 20th day of June, 1879, one S. L. Martin, sheriff of Adams county, by virtue of two executions issued out of the district court of Adams county, on judgments recovered against Adna H. Bowen, levied upon said lot as the property of said Bowen, and has advertised the same for sale, and threatens and is about to sell the same. The prayer is to have the sale enjoined and the title quieted.

Billings, Boise & Co., the judgment creditors, were substituted for the sheriff and filed an answer, wherein they allege that the "plaintiff has no right, title, or interest in or to said lot;" that at the time of filing transcripts of their judgments in said court, the legal title was in Adna H. Bowen, and deny that said lot was conveyed by mistake to said Bowen, or that it was purchased by the firm of Bowen & Laird. The case was submitted to the court on the pleadings, and judgment rendered in favor of the defendants. The plaintiff appeals to this court.

The court made the following special findings:

*First.* That on the 24th day of June, 1876, the tran-

scripts of judgment in favor of Billings, Boise & Co., plaintiffs, and against Adna H. Bowen, were duly filed for record in this court, upon which the execution, enjoined herein, was issued.

*Second.* That the legal title to said lot No. 582 in the town of Juniata, Adams county, Neb., was vested at that time in Adna H. Bowen by deed of date December 21st, 1874, from one Eastern Land Association.

*Third.* That on the 4th day of December, 1876, the said Adna H. Bowen and Julia S. Bowen deeded said lot to William B. Thorne in satisfaction of a debt due said Thorn from the insolvent partnership firm of Bowen & Laird, composed of the said Adna H. Bowen and James Laird.

*Fourth.* That William B. Thorn afterwards on the 4th day of March, 1878, deeded by warranty deed said lot to the said Julia S. Bowen, plaintiff.

There is no denial in the answer that the lot in question was purchased with partnership funds. This fact therefore stands admitted.

The question presented is, does the lien of judgments against Bowen attach to this real estate? The lien of a judgment is not an interest in the real estate of a debtor. The creditor has neither a *jus in re* nor a *jus in rem* as regards the real estate. The lien merely confers the right to levy thereon to the exclusion of other adverse interests subsequent to the judgment. *Grevemeyer v. Ins. Co.,* 62 Penn. St., 342. *Conard v. Ins. Co.,* 1 Peters, 386. *Kemper v. Adams,* 5 McLean, 507. *Schaffer v. Cadwallader,* 36 Penn. St., 126. *Thelusson v. Smith,* 2 Wheat., 396. *Metz v. State Bank,* 7 Neb., 165. *Galway v. Malchow,* Id., 285. And it attaches only to the interest of a debtor in the lands. *Uhl v. May,* 5 Neb., 157. *Mansfield v. Gregory,* 8 Id., 432. *Mansfield v. Gregory,* 11 Id., 297. In the last case it is said such lien does not exceed the actual interest of the judgment debtor in the land, and is subject

to every equity therein existing against the debtor at the time of its rendition.

If property is bought by a partner in the firm, acting for the firm, the property belongs to the partnership as soon as the sale is complete, because the purchaser is the firm. And the fact that the title to real estate thus purchased is taken in the name of one of the partners will not deprive it of the character of partnership property.

Where a partnership is insolvent the rule is to give to the creditors all the effects of the partnership, if necessary, for the payment of the debts, leaving only the surplus, if any, to private creditors, and to give to private creditors the private assets of the several partners, applying only the surplus to payment of the partnership debts. *Ex parte Crowder*, 2 Vern., 706. *Ex parte Cook*, 2 P. Wms., 500. Parsons on Part., 347-8.

The joint creditors have the primary claim upon the joint fund in case of insolvency, and the partnership debts are to be paid before any portion of such funds can be applied to other purposes. *Murrill v. Neill*, 8 How., U. S., 414. *Converse v. McKee*, 14 Tex., 20. 3 Kent Com., 65. The basis of the rule is, that the credit being given to the firm the assets of such firm will be applied where the credit was given, and not be diverted to the payment of a debt incurred upon the sole responsibility of one member of the firm. 3 Kent Com., 65.

In *Murrill v. Neill*, 8 Howard, 414, the supreme court of the United States say: "The rule in equity governing the administration of insolvent partnerships is one of familiar acceptation and practice; it is one which will be found to have been in practice in ·this country from the beginning of our judicial history, and to have been generally, if not universally, received. This rule, with one or two eccentric variations in the English practice, which may be noted hereafter, is believed to be identical with that prevailing in England, and is this: that partnership creditors

shall, in the first instance, be satisfied from the partnership estate; and separate or private creditors of the individual partners from the separate and private estate of the creditors with whom they have made private and individual contracts; and that the private and individual property of the partners shall not be applied in extinguishment of partnership debts until the separate and individual creditors of the respective partners shall be paid. The reason and foundation of this rule, or its equality and fairness, the court is not called on to justify. Were these less obvious than they are, it were enough to show the early adoption and general prevalence of this rule, to stay the hand of innovation at this day; at least, under any motive less strong than the most urgent propriety."

In New York this rule has been adopted. It is held that "the partnership property of a firm shall all be applied to the partnership debts, to the exclusion of the individual members of the firm; and that creditors of the latter are to be first paid out of the separate effects of their debtor, before the partnership creditors can claim anything therefrom." *Jackson v. Cornell*, 1 Sandf. Ch., 348. *Murray v. Murray*, 5 Johns. Ch., 60. *Wilden v. Keeler*, 3 Paige, 167. *Payne v. Matthews*, 6 Id., 19. *Hutchinson v. Smith*, 7 Id., 26.

In *McCulluh v. Dashiel*, 1 Harr. & Gill, 96, it was held that individual creditors of a partner were entitled to a preference over the partnership creditors in the distributing of the separate estate of the debtor. See also *Woddrop v. Ward*, 3 Dev. Eq., S. C., 203. *Jarvis v. Brooks*, 3 Foster, 136. In Ohio it is held that the rule in equity in the distribution of the joint and separate assets of insolvent partners is, that the individual assets of a partner be first applied to the debts of his individual creditors, and the partnership assets first to the partnership debts. But if there is no joint estate and no living solvent partner, the rule does not apply. *Rogers v. Meranda*, 7 O. S., 180. *Budge*

*v. McCullough*, 27 Ala., 661.   *Daniel v. Townsend*, 21 Ga., 155.   That the real estate in question was purchased with partnership funds is admitted.   It is also admitted that the firm is insolvent.   The partnership creditors, therefore, are entitled to be paid out of the partnership estate before any portion of the same can be applied to the payment of the individual debts of the partners.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.