P. R. SHELLY, PLAINTIFF IN ERROR V. JOHN D. HEATER, DEFENDANT IN ERROR.

1. **Trustee:** FRAUDULENT SALE. In an action of replevin against an officer who had possession of the property in dispute under an order of attachment against a third party, the plaintiff having purchased from the attachment defendant, and where it is alleged by the defendant in the replevin action that the goods were placed in the hands of the defendant in attachment to sell in the ordinary course of trade, the proceeds to be accounted for, it was *Held*, Error for the trial court to instruct the jury that if the goods were placed in the hands of the attachment defendant to sell and account for the proceeds, and the purchaser knew or might have known of the arrangement by which the vendor had the goods, he could not hold them, the instruction failing to inform the jury that they must find that the sale was made in violation of the trust and without authority.

2. ———: ———: EVIDENCE. Where it is sought to establish the fact that property was held by the vendor in trust for certain purposes, to be disposed of in a certain way, and that the purchaser knew of the trust and conspired with the trustee to pur-

chase the property for less than its value and in a manner in which the trustee had no authority to sell, it is competent for the party alleging the trust to prove it by the terms of the contract and declarations of the trustee at the time the property was placed in his hands, even though such contract and declarations were made in the absence of the alleged fraudulent purchaser.

ERROR to the district court for Richardson county. Tried below before BROADY, J.

*Frank Martin,* for plaintiff in error.

*Isham Reavis, E. W. Thomas,* and *A. Schoenheit,* for defendant in error.

REESE, J.

This is an action of replevin for a stock of goods. The petition is in the usual form alleging the ownership of the goods. The action was originally brought against the sheriff, who held them under an order of attachment. Upon motion of the sheriff, the attachment plaintiff was substituted as defendant, and is defendant in error in this court. The substituted defendant (Heater) filed his answer, the allegations of which are in substance that the sheriff who had possession of the property held by virtue of an order of attachment issued in an action wherein Heater was plaintiff and Donald Brothers and Shelly were defendants. The right of possession and ownership of Shelly were denied, and it was alleged that on the 26th day of January, 1884, he, Heater, was engaged in the business of operating a store of general merchandise, carrying a stock of the value of five thousand dollars, and at that time he was indebted to various parties for goods bought, aggregating about three thousand five hundred dollars, and among his creditors was the firm of Donald Brothers, of Atchison, Kansas, to whom he owed $506. That Donald Brothers

and other creditors were pressing him for money, and being unable to pay them in any other way, at the instance and request of Donald Brothers, he entered into an agreement with them by which he executed to them a bill of sale for the goods and delivered the stock to them to sell out in the usual course of trade in the store where they were, the proceeds arising from the sale to be applied by them, first, to the payment of their debt, and afterwards to the payment of the other debts of the store until all were paid. The remainder to be paid to him " in extinguishment of the obligation incurred by them in the purchase of said stock of goods from him." The answer further alleges that it was agreed that Donald Brothers should secure him "for the purchase price of said goods and the faithful performance of their part of said agreement in the application of the proceeds of the sale of said goods to the payment of the debts, and the payment of the excess" to him and had agreed to execute to him a bond in the sum of five thousand dollars with sureties, conditioned upon such performance; and they thereupon employed· him at a stipulated price per week to remain in the store and assist them in making the sales and also to see that the contract upon their part was duly performed. That relying upon their promise to perform the contract, he executed to them the bill of sale and delivered to them the possession of the store and goods on Saturday afternoon, the bond to be executed the following Monday. That plaintiff, Shelly, was a resident of the same town in which the store was situated, was in the store immediately after the transfer as well as during a part of Saturday night, and most of the day on Sunday, and during part of Sunday night, and was fully acquainted with all the facts of the transfer; and on Monday morning gave out and pretended to have purchased of Donald Brothers the entire stock of goods for $2,100. This purchase is alleged to have been a sham and a fraud. That Donald Brothers left on Sunday night or

Monday morning without executing the bond agreed upon, but that before going they transferred the whole stock to Shelly in violation of the rights of defendant and his other creditors. That Donald Brothers and Shelly confederated to cheat defendant by taking advantage of his necessities and by means of the fraudulent sale to Shelly. That thereupon he had instituted a suit in equity against Donald Brothers and Shelly, reciting the facts, giving the names of his creditors for whose benefit the transfer was made, praying the appointment of a receiver to take charge of the goods that they might be sold and the proceeds brought into court and distributed equitably among his creditors, the sale to Shelly set aside as fraudulent, and that he had caused an order of attachment to issue and the goods attached as the property of Donald Brothers. That Shelly having full knowledge of the alleged fraud, he acquired no title to the goods and they were subject to the levy of the attachment as their (Donald Brothers) property, etc.

A reply was filed denying the allegations of the answer, and the cause was tried to a jury who returned a verdict in favor of defendant. Judgment having been rendered on the verdict, plaintiff brings the cause into this court on error for review.

The testimony in the case is voluminous, and no good purpose could be subserved by a lengthy review of it in this opinion. It is sufficient to say that it tended to prove the allegations of the answer so far as the contract between Heater and Donald Brothers is concerned, and were the action one against Donald Brothers for damages it might be sustained. But so far as Shelly is concerned the proof is not of that character by which a fraudulent purchase is generally proven. It appears that Shelly and Heater were the only merchants in the village, and that Donald Brothers threatened selling the goods at auction, or if at retail, much below the usual prices, and Shelly did not desire such ac-

tion to take place, and sought buyers for the goods who would sell in the regular way without " slaughtering prices," as it was termed. Failing to find a purchaser he purchased the goods himself. The bill of sale from Heater to Donald Bothers stated a consideration of $1,163.68. As the question of the participation of Shelly in or knowledge of any fraudulent intent on the part of Donald Brothers must be resubmitted to a jury, it is not deemed expedient to discuss that question further.

On the tr'al of the cause the court gave the following instruction to the jury, being number one of those asked by the defendant:

"The jury are instructed that if you find from the evidence that Donald Brothers got the goods in question from Heater under a contract with him that they should sell the same, and out of the proceeds, after paying all necessary expenses, pay off and discharge the debt which Heater then owed for said goods and return the balance to Heater, and if you further find that Shelly, when he got the goods from Donald Brothers, knew of such arrangement, or had knowledge of facts sufficient to put a man of ordinary prudence and discretion upon inquiry, which inquiry if properly pursued would have led to a knowledge of such arrangement, then your verdict should be in favor of Heater, and you should assess the amount of his recovery at the amount claimed in the order of attachment offered in evidence. Not exceeding, however, the value of the goods attached."

To the giving of this instruction the plaintiff excepted. The same propositions are substantially stated in other instructions given, but they need not be quoted here as the foregoing is deemed sufficient.

According to our view of the case this instruction was erroneous. By it the jury are virtually instructed that if Donald Brothers had received the goods from Heater under a contract that they should sell them and apply the proceeds to the payment of Heater's debts, and return the

excess to Heater, and that Shelly knew or might have known of such an arrangement, the verdict should be against him and he must lose the goods.    The instruction is framed to cover the whole case.    The jury are told to return a verdict for Heater if they find certain things to exist, and hence it could not be corrected by any other instruction which the court might give.    Every element of fraud or bad faith is left out.    If that contract was made, and Shelly knew or might have known of it, the verdict must be against him without reference to his good faith in purchasing or the good faith of Donald Brothers in selling for a good price, or accounting for the proceeds under the contract.    No reference is made to the manner of selling.    Although they might be sold in strict accordance with the contract, yet if Shelly knew or by inquiry could have known of the contract the verdict must be in favor of Heater.    The instruction is deficient in not informing the jury that they must find that the goods were sold in violation of the trust, if any existed, and that Shelly knew or might with proper prudence and diligence have known that the trust was being violated in the sale to him, and that Donald Brothers had no authority to sell in that way.

It is insisted with considerable of earnestness by plaintiff in error that the court erred in allowing the witnesses for defendant when on the witness stand to detail the contract made and conversations had in the absence of Shelly between Heater and Donald Brothers in the transfer of the goods from Heater to them.    In this we do not think the court erred.    It was incumbent upon defendant, according to his theory of the case, to establish the trust relation of Donald Brothers to the property and toward Heater.    This could only be done by the terms of the contract under which they held the goods and the circumstances attending the purchase.    The contract was made before Shelly was approached by Donald Brothers, and of course made in his absence.    If defendant succeeded in establishing the trust

relation, then he must proceed further and show that the trust had been violated. This would not yet entitle him to recover as against Shelly. The fraud and confederation on his part must yet be shown, else no verdict could be returned against him. Donald Brothers held the title to the goods. They had authority to sell. If that authority was coupled with a trust it could only be shown by proving the creation of it at the time of or prior to the transfer. It was competent to show this by proving the contract made with them.

For the error in giving the instruction above referred to the judgment of the district court is reversed and a new trial granted.

REVERSED AND REMANDED.

THE other judges concur.