CHARLES L. ROTHELL ET AL., PLAINTIFFS IN ERROR, v. WILLIAM GRIMES, DEFENDANT IN ERROR.

1. **Fraud:** INSOLVENCY OF MORTGAGOR. The insolvency of a mortgagor, although a circumstance which may be taken, together with other material facts, to show a fraudulent design in disposing of property, is not of itself sufficient to establish it.

2. **Debtor and Creditor:** RIGHTS OF CREDITOR. A creditor may obtain from a failing debtor payment of his claim, provided he acts in good faith and receives no more than sufficient to satisfy the debt.

3. **Partnership:** INSOLVENT FIRM. Where a firm is insolvent, the partnership property will be applied to the partnership debts, and a creditor of a member of the firm cannot be paid out of the partnership property to the exclusion of creditors of the firm.

4. ———: CHATTEL MORTGAGE. A mortgage of partnership goods, given to secure the sureties on a bond of a member of the firm for the faithful performance of his duties as guardian, is not available as against creditors of an insolvent firm.

ERROR to the district court for Johnson county. Tried below before BROADY, J.

*S. P. Davidson,* for plaintiff in error, cited: *Dinsmore v. Stimbert,* 12 Neb., 435. *Grimes v. Farrington,* 19 Neb., 45. *Frankhouser v. Ellett,* 22 Kan., 127. *Bonns v. Carter,* 20 Neb., 577. *Kay v. Noll,* Id., 389. *Read v. Wilson,* 22 Ill., 377. Jones' Chattel Mortgage, Sec. 351. *Till's Case,* 3 Neb., 262. *Roop v. Herron,* 15 Neb., 78.

*Daniel F. Osgood* (*Isham Reavis* with him), for defendant in error, cited: Herman Chattel Mortgages, Sec. 104. *Beal v. Williamson,* 14 Ala., 55. *Rich v. Levy,* 16 Md., 74. *Roop v. Herron,* 15 Neb., 73. *Nixon v. Nash,* 12 Ohio State, 647. *Belknap v. Wendell,* 31 N. H., 92. *Wallach v. Wylie,* 28 Kan., 138. *Winner v. Hoyt,* 28 N. W. R., 380.

MAXWELL, CH. J.

In March, 1887, the plaintiffs commenced an action in replevin in the district court of Johnson county to recover possession of certain goods and chattels of the value of $400. It is alleged in their petition that under and by virtue of a chattel mortgage made and delivered to plaintiffs on the 11th day of March, 1887, by E. M. McGee and William S. Kearney, and McGee & Kearney, a partnership, to secure a note of $2,000, plaintiffs hold a special ownership in and are entitled to the possession of the goods in controversy (particularly describing them); that on and before March 16th, 1887, they were in the lawful possession of said property under said chattel mortgage, and were proceeding to sell said property and apply the proceeds thereof in satisfaction of said debt secured thereby in as expeditious, safe, and judicious a manner as possible in pursuance of said mortgage; that while plaintiffs were thus in possession thereof, on said 16th day of March, 1887, said goods and chattels were forcibly and wrongfully taken from the possession of plaintiffs by defendant in the night time; that by reason of the said wrongful taking of said property, and by reason of the negligent and careless handling of the same by defendant, the same have been damaged to the amount of $200; that when so taken by defendant said goods and chattels were worth $400, and they filled out and completed the assortment of the stock then being sold under said chattel mortgage by plaintiffs, and by reason

of these goods in controversy being so taken, said assortment was broken up and destroyed, and plaintiffs were damaged thereby in the further sum of $200; that at the time said McGee & Kearney made and delivered said chattel mortgage they were the owners of all said goods and chattels and said stock of goods, and had a right to sell or dispose of them by mortgage, and at the same time they delivered possession of said goods and chattels to plaintiffs; that all of said property so mortgaged and delivered to plaintiffs, including the goods in controversy, are not sufficient to pay the said debt secured by said mortgage; that defendant now still wrongfully detains said goods and chattels so taken, and has so wrongfully detained the same for more than six hours, to the further damage of plaintiffs of $100, making plaintiffs' damages by reason of the premises aggregate the sum of $500.

The defendant in his answer denies, 1st. All the allegations of plaintiffs' petition. He alleges that he is sheriff of said county, and as such on March 16th, 1887, he levied on the goods in controversy under an order of attachment duly issued against E. M. McGee and W. S. Kearney as their property, and that he had no notice of any interest or lien, by virtue of a chattel mortgage, or otherwise, of plaintiffs upon said property; that at the time plaintiffs took possession of the goods in controversy, by virtue of a pretended chattel mortgage, E. M. McGee and W. S. Kearney, who gave said pretended chattel mortgage, were indebted in large amounts for goods purchased, and on which said mortgage was given, of which fact plaintiffs were knowing, and said mortgage was given and taken with the intent to defraud, hinder, and delay said creditors; that there is no description in said plaintiffs' mortgage of the property sought to be recovered, and therefore plaintiffs are not entitled to recover in this action; that said pretended mortgage was given without consideration, and void as to judgment creditors, and therefore void as to this de-

fendant; that said mortgage was given to secure an amount largely in excess of any genuine *bona fide* indebtedness of E. M. McGee and W. S. Kearney, mortgagors, to plaintiffs, and was taken by plaintiffs and given by said mortgagors with the intent to hinder and delay judgment creditors of said mortgagors in the collection of their debts, and therefore void as to the judgment creditors and this defendant.

The plaintiffs in their reply to said answer admit that defendant is sheriff of said county, and that their claim to said property is by virtue of a chattel mortgage executed by E. M. McGee and W. S. Kearney, but allege that said mortgage was given to secure a valid debt, and taken in good faith to secure said indebtedness, and without any intention to hinder and delay, or defraud the creditors of said McGee & Kearney, and they deny each and every other allegation in said answer contained.

On the trial the cause was submitted to the court, which found for the defendant, that the value of his possession was $176.55, and that his damages were $1.

The plaintiff then filed a motion for a new trial, upon the following grounds:

1st. Court overruled plaintiffs' objection to and admitting improper testimony offered by defendant.

2d. Court erred in sustaining defendant's objection to and refusing to admit proper testimony offered by plaintiffs.

3d. Said finding is contrary to the evidence.

4th. Said finding is contrary to law.

5th. Error of law occurring at the trial.

6th. Because said finding and judgment should have been for plaintiffs.

7th. Error of the court in the exercise of discretion in the cross-examination of plaintiff, Charles L. Rothell, and in the cross-examination of the other plaintiffs, which prevented plaintiffs from having a fair trial.

34

8th.    Error in assessing defendant's damages too high, and in assessing value of defendant's possession, as no amount is alleged in the answer as the value of defendant's claim.

The motion was overruled, and the cause brought into this court by petition in error.

It is apparent from the testimony that there are a large number of other attachment suits against McGee & Kearney, and levied upon the property in question, which seem to be awaiting the decision in this case. The testimony shows that on the 11th day of March, 1887, McGee & Kearney executed a chattel mortgage upon their stock of goods in their store at Crab Orchard, Johnson county, to secure the sum of $2,000, payable March 21st, 1887, with a provision in the mortgage that if the mortgagees should at any time deem themselves unsafe, they could declare the mortgage due, and proceed to sell the goods, either at public or private sale. The mortgage was made on the night of the 11th of March, 1887, and the next morning at 7 o'clock the mortgagees declared that they deemed themselves insecure, and thereupon took possession of the store and goods. On the 16th of that month the attachment, under which the defendant claims the goods, was levied on the same. There is a very large amount of testimony in the record which is exceedingly vague and indefinite upon the following points: 1st. The value of the goods mortgaged at the time the mortgage was executed. 2d. The actual amount owing by the firm of McGee & Kearney to the mortgagees, or any of them. 3d. The amount of the individual debts of McGee or Kearney to some or all the mortgagees. The testimony shows beyond question that some of the mortgagees loaned money to the firm of McGee & Kearney, and the bank of J. D. Russell & Co. seem to have loaned certain sums to the mortgagors, which claims were assigned before the mortgage was executed to one of the mortgagees, but the exact amount of these claims is uncertain.

That a creditor may secure the payment of his. claim from a failing debtor, provided he acts in good faith and obtains no more property than will satisfy his claim, is well established in this court. *Leffel v. Schermerhorn*, 13 Neb., 342. *Shelly v. Heater*, 17 Neb., 505. The testimony in the case, however, leaves it entirely uncertain upon the points named, and it was therefore impossible for the trial court to say that the sale was fraudulent.

2.   Where a firm is insolvent, the partnership property is liable, first, for the partnership debts, and a creditor of a member of the firm cannot be paid out of the partnership property to the exclusion of creditors of the firm. *Caldwell v. Bloomington Manufacturing Co.*, 17 Neb., 489. *Bowen v. Billings*, 13 Neb., 439. *Roop v. Herron*, 15 Neb., 74. The creditors of the firm, therefore, will be preferred to the individual creditors.

3.   The testimony shows that $200 of the amount of the mortgage was to secure a contingent claim of some of the mortgagees upon a guardian's bond of McGee. This cannot prevail against the creditors of the firm.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.