ELEANOR GETCHELL, APPELLEE, V. LISS ROBERTS ET AL.; JUSTIN E. PORTER, APPELLANT.

FILED FEBRUARY 8, 1906. No. 14,111.

Sheriff's Deed: PRIORITIES. It is well settled in this state that a sheriff's deed takes precedence from the date of its record of all outstanding conveyances and incumbrances executed by the judgment debtor which were not recorded and of which the purchaser had no actual notice.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Justin E. Porter* and *A. G. Fisher,* for appellant.

*A. W. Crites, contra.*

AMES, C.

Plaintiff was the owner of a mortgage executed by one Dennis Regan upon a tract of land owned by him. After the death of Regan, the plaintiff began an action against the heirs of the mortgagor for the foreclosure of the mortgage, which action proceeded regularly to decree and a sale, at which the plaintiff became the purchaser for a sum exceeding the mortgage debt. The sale was duly confirmed, and a deed of the premises executed and delivered by the sheriff to the purchaser, who made the same of record in the county, and paid the excess of purchase money to the defendants in the action. During the progress of all these proceedings the premises were vacant and unoccupied, and the record title and right of possession was in the deceased mortgagor. Thus far the facts are not in dispute. After the execution and record of the sheriff's deed, Justin E.

Porter took possession of the land, claiming a right thereto under an unrecorded lease executed by the mortgagor to one Roberts, and by Roberts assigned to one McDowell, and by the latter assigned to Porter. This action is prosecuted to obtain a decree quieting title in the plaintiff against all three of these persons, the petition alleging among other things, that she had at no time until after the conclusion of the foreclosure proceedings knowledge or notice of the lease. Roberts and McDowell disclaimed, but Porter answered, pleading the lease, the nominal term of which had not expired. There was a trial and a decree for the plaintiff, and the defendant appeals.

There are various issues made by the pleadings and discussed in the briefs as to an alleged abandonment of the lease, and as to forfeiture for breach of its conditions by the lessee or his assignees, which we refrain from discussing, because we are satisfied from an examination of the evidence that the plaintiff's foreclosure was begun and completed in good faith and without any knowledge or notice of the existence of the lease. It is well settled in this state that, under such circumstances, a sheriff's deed takes precedence from the date of its record of all outstanding conveyances and incumbrances executed by the mortgagor which were not recorded and of which the execution purchaser had no actual notice. *Metz v. State Bank*, 7 Neb. 165; *Mansfield v. Gregory*, 11 Neb. 297; *Hubbart v. Walker*, 19 Neb. 94; *Sheasley v. Keens*, 4 Neb. 57.

We recommend, therefore, that the judgment of the district court be affirmed.

OLDHAM, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.