F. C. HOYT, PLAINTIFF IN ERROR, v. S. H. SCHUYLER
ET AL., DEFENDANTS IN ERROR.

1. **Conveyance:** FILING DEED: NOTICE.   Under section 19, chapter 43, of the Revised Statutes of 1866, a deed when filed for record in the county clerk's office and duly entered in the index, was constructive notice to all the world of the rights of the grantee conferred by such instrument.

2. ———: QUIT CLAIM DEED: DEFECTIVE RECORD.   Where the grantor in a quit claim deed had previously conveyed the real estate, which deed had been properly entered on the index, but

defectively recorded, and it did not appear that the second grantee was a purchaser in good faith for a valuable consideration and without notice, *Held,* That the second purchaser was not entitled to protection.

3. ———: ———: TITLE: BONA FIDE PURCHASER. A party who claims title under a quit claim deed from a grantor who had previously conveyed all his right, title, and interest in the real estate to another, and the effect of the second deed, if sustained, will be to deprive the first grantee of his title, must make a clear case of *bona fides* on his part before his deed will be sustained.

ERROR to the district court for Richardson county. Tried below before DAVIDSON, J.

*J. B. Cope* and *Frank Martin,* for plaintiff in error, cited: *Liby v. Wolf,* 10 Ohio, 83. *Lessee of Jennings v. Wood,* 20 Ohio, 261. *Brown v. Banner Coal & Oil Co.,* 97 Ill., 214. *Edminster v. Higgins,* 6 Neb., 269.

*C. Gillespie,* for defendants in error, cited: *Lincoln B. & S. Ass'n v. Hass,* 10 Neb., 584. *Allen v. Holton,* 20 Pick., 458. *Walker v. Lincoln,* 45 Me., 67. *Caldwell v. Sigourney,* 19 Conn., 48.

MAXWELL, CH. J.

This is an action to quiet title. The defendants filed an answer to the petition, to which the plaintiff demurred, and the demurrer was overruled, to which the plaintiff excepted, and now assigns the same for error. The property involved is lot 12, block 31, in the town of Rulo, Richardson county. The defendants in their answer allege that James W. Hosford is the owner of said lot; that about the 6th day of May, 1871, one Frank Carter, being the owner of said lot, conveyed the same to Samuel H. Schuyler, one of the defendants, by quit claim deed; that on or about May 16th, 1871, said deed was duly filed for record in the county clerk's office of said county and correctly

indexed in the general index of deeds of said county; that
the index entries were double, showing the same alphabet-
ically from grantor to grantee and to grantee of grantor in
accordance with the statute regulating the record of trans-
fers of real estate; a copy of the index is set out in the
answer; that after indexing said deed correctly the clerk
in recording the same in full upon the records by mistake
and oversight recorded the description of the property as
lot five, in block 31, instead of lot 12, in block 31; that
on or about the 15th day of April, 1873, Samuel A.
Schuyler conveyed said lot to James W. Hosford, one of
the defendants, who caused his deed therefor to be duly
recorded; that the plaintiff cannot claim to be a good faith
purchaser of said lot, as he received only a quit claim deed
for the same, and as Carter had conveyed all his right and
title more than ten years before that date the plaintiff ac-
quired no title, etc.

The plaintiff in his petition alleges, "that some time in
and during the month of December, 1882, this plaintiff
entered into negotiation for the purchase of certain build-
ing lots situated in the town or village of Rulo, Richard-
son county, Nebraska, among which was lot No. twelve
in block No. thirty-one in Rulo proper aforesaid, with
one Carter, who, sometime prior thereto, had been a
resident of said Rulo, but who at the time of said nego-
tiation was and for some time prior thereto had been
a resident of Solomon City, Kansas; that said Carter, at
the time of said negotiation, informed said plaintiff that
he did not know what lots or property he owned in Rulo,
and sent this plaintiff all of his deeds—among which was a
warranty deed for lot No. 12 in block No. 31 in said
Rulo—of the property to which he held title, and wrote
and instructed this plaintiff to examine the records of Rich-
ardson county to find out and determine to which lots or
property he held good title; that this plaintiff did there-
upon examine said records, and found that he appeared

Hoyt v. Schuyler.

from said records to be the owner of certain lots in fee simple, among which was lot No. 12 in block No. 31 in said Rulo; that thereupon this plaintiff informed said Carter of the fact, and offered said Carter the sum of $75 for four different lots, one of which was lot No. 12 in block No. 31 in said Rulo, and requested said Carter to execute a warranty deed for the same to this plaintiff in consideration thereof, which said Carter refused so. to do, upon the ground—1st, that he did not actually know and could not actually say what building lots or what property he owned. in said Rulo; and 2d, that he never had given any other kind of a deed than a quit-claim to property in Rulo, and never should or would, which latter fact this plaintiff found to be true, and thereupon accepted the quit-claim deed hereinafter set out; that afterwards, and on or about the second day of February in the year .1883, said Carter, in consideration of the sum of $75, duly made and executed a quit-claim deed to this plaintiff of four several lots, one of which (No. 12, block 31) lots was held and was occupied by one Fred Evens, who claimed to be the owner thereof, and which, by reason thereof, the same was worthless to this plaintiff, and which fact was known to this plaintiff at the time of his purchase thereof; said lots were situated in the said town of Rulo; that said Carter sent said deed to this plaintiff by express, C. O. D., and this plaintiff, before accepting said deed, again examined the records of Richardson county as to the title of said Carter to lots, one of which was lot No. 12 in block No. 31 in said Rulo, and it appeared from said records that said Carter was the owner of said lots in fee simple absolute; that thereupon this plaintiff paid to the express company for the use of said Carter the sum of $75, and express charges thereon, as and for the consideration of said lots and the title thereto, and thereupon this plaintiff delivered said deed to the county clerk of Richardson county for record, who thereupon duly and regularly recorded and indexed the same in the book of records thereof."

Sec. 18, chap. 43, Revised Statutes of 1866, which was in force when the deed from Carter to Schuyler for the lo in question was filed for record, was as follows: "The county clerk must keep an index, the pages of which are so divided as to show in parallel columns—1st, the grantor; 2d, the grantee; 3d, the time when the instrument was filed; 4th, the date of the instrument; 5th, the nature of the instrument; 6th, the book and page where the record thereof may be found; 7th, the description of the land conveyed, in the following manner:

| Grantors. | Grantees. | Date of Filing. | Date of Instrument. | Character of Instrument. | Book. | Page. | DESCRIPTION. |
|---|---|---|---|---|---|---|---|
| A. B. | C. D. | 1866. Jan. 1. | 1866. Jan. 1. | Deed. | No. 1. | 225. | (Description of land.) |

Sec. 19. "The county clerk must endorse upon every instrument properly filed in his office for record, the minute, hour, day, month, and year, when it was so filed, and shall forthwith make the returns in the index provided for in the last preceding section, except that of the book and page where the record of the instrument may be found, and from that time such entries shall furnish constructive notice to all the world of the rights of the grantee conferred by such instrument."

Sec. 20 provides that the index shall be a double one, showing the names of the grantors and the other of the grantees.

These sections made the index of deeds constructive notice to all the world of the rights of the grantee conferred by the instrument. Probably such would have been the result without a direct provision to that effect. The legislature, in requiring an index and prescribing what it should contain, intended it for the purpose of rendering the contents of the records readily accessible. It was not intended

as a useless appendage, and still require that a purchaser, notwithstanding the index, must spend days or weeks reading the records to see if deeds exist which have not been indexed. The act providing for a numerical index did not become a law until 1873, and need not be considered here. *Metz v. State Bank,* 7 Neb., 165.

We hold therefore that the plaintiff received notice from the index of the conveyance from Carter to Schuyler, and is not entitled to the relief sought.

2. There is no allegation in the petition or claim in the brief of the appellant that he was a *bona fide* purchaser; while the circumstances of the case as well as the form of the conveyance repel the inference of a *bona fide* purchase. He alleges that Carter told him he did not know what lots or property he (Carter) owned in Rulo; but he sent the plaintiff all of his deeds, among which was a warranty deed for lot 12. Carter, however, refused to make a warranty deed, alleging that he never had given any other than a quit claim deed. This may be true, and still it will not help the plaintiff's case. He merely took the interest of Carter, and as he had previously conveyed all his right, title, and interest in the lot, the grantee under the second deed took nothing. It is the purchaser in good faith for a valuable consideration and without notice of defects in the title, or such knowledge as if proper inquiry were made would lead to notice, that is protected; and the plaintiff fails to show that he is entitled to such protection, while it is pretty clear that he is not. A party who claims title under a quit claim deed from one who had formerly conveyed his title to another, and the effect of which will be to deprive the first grantee of his title, must make a clear case of *bona fides* on his part before his title will be sustained. The answer states a complete defense to the action, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.