## HASTINGS *v.* NISSEN and another.

*(Circuit Court, D. Nebraska.* August 2, 1887.)

VENDOR AND VENDEE—NOTICE—TITLE—QUITCLAIM DEED.

In Nebraska, one deriving title from heirs by a deed, in which the instrument is designated in the granting clause as a "quitclaim," and which contains a recital that the grantors will, as "heirs," make no further claim to the property conveyed, is not a *bona fide* purchaser without notice, and takes no title, as against a grantee in fee under a prior unrecorded conveyance from the ancestor during his life-time.[1]

Ejectment by Frank W. Hastings against P. C. Nissen and Ole Holethe.

The case was tried to the court, a jury being waived, on the following agreed statement of facts:

"It is agreed that the evidence on the part of the plaintiff to support and maintain the issue herein on his part is as follows, to-wit: Exhibit A, on which it is agreed the patent for the land in controversy issued to John F. Kimmel; Exhibit B, deed from John F. Kimmel to Jacob Shoff. It is agreed that same Shoff died intestate, August 24, 1874, and left as heirs Mrs. Jennie S. Vernon, Mrs. Henrietta F. McMahon, Alice F. Croft, Elizabeth L. Wiley, B. Oliva Shoff, Albert J. Shoff, Radner J. Shoff, and Charles W. Shoff, who made deeds, marked 'A²,' 'B²,' and 'C,' to W. G. Hastings; deed marked 'D,' W. G. Hastings and wife to J. W. Wehn, Jr.; deed marked 'E,' J. W. Wehn, Jr., and wife, and W. G. Hastings and wife, to Frank W. Hastings, plaintiff, who was at the commencement of the action resident of McHenry county, Ill. Deeds A², B², C, D, and E were made for the considerations named therein, except C was made in consideration of $40, and E in consideration of $625, and without any knowledge on the part of the grantee of any conveyance of premises in dispute by Jacob Shoff, and in good faith. Defendant objects to the introduction of deeds above mentioned, for the reason that same conveyed no title to the premises, Jacob Shoff having, in his life-time, deeded said premises to one Rheuben B. Williams; that they are quitclaim deeds, and carry notice on their face to all persons of equities, etc. It is agreed that up to defendants' taking possession of the same under tax deed marked 'G,' dated September 26, 1883, under which deed defendants held up to March 22, 1887, the premises in suit were still unoccupied land, and, until March 22, 1887, not in the possession of any one claiming by deed from Shoff.

"And it is further stipulated and agreed that the evidence on the part of the defendants to support and maintain the issues on their part is as follows, to-wit: *First,* a certificate of the entry of the lands in controversy herein by one John F. Kimmel, dated July 11, 1872, the same being hereto attached, and marked 'Exhibit A;' and it is agreed that the land in controversy was duly patented by the United States to said John F. Kimmel. *Second,* a warranty deed from John F. Kimmel and wife to Jacob Shoff, filed for record December 27, 1872, conveying the lands in question herein to said Jacob Shoff. Said deed is hereto attached, and is marked 'Exhibit B².' *Third,* a

---

[1] A person who holds real estate by virtue only of a quitclaim deed from his immediate grantor, whether he is purchaser or not, is not a *bona fide* purchaser with respect to outstanding and adverse equities and interests shown by the records, or which are discoverable by the exercise of reasonable diligence in making proper examinations and inquiries. Johnson v. Williams, (Kan.) 14 Pac. Rep. 537, and note.

warranty deed from Jacob Shoff and wife to Rheuben B. Williams, executed and delivered to said Rheuben B. Williams on the eleventh day of March, 1873, and recorded in the deed records of Cedar county, Nebraska, on the twenty-second day of March, 1887; said deed being for the lands in controversy in the suit; said deed being marked 'Exhibit C.' Plaintiff objects to the introduction and consideration of said deed in evidence for the following reasons: That the same was not recorded, nor had plaintiff any notice of the same at the time of his purchase of the premises. Said deed is therefore void as to plaintiff. *Fourth,* a warranty deed from Rheuben B. Williams and wife to Elmer E. Williams for the land in controversy; in this case said deed being executed and delivered to said Elmer E. Williams on the thirty-first day of March, 1886, and recorded in the deed records of Cedar county, Nebraska, on the twenty-second day of March, 1887; the same being marked 'Exhibit D².' Objected to for the same reason as last above. *Fifth,* a warranty deed from Elmer E. Williams (unmarried) to Ole Holethe, the defendant herein, for the lands in controversy; said deed bearing date of twenty-fifth day of March, 1887, and was duly recorded in the deed records of Cedar county, Nebraska, on the twenty-fifth day of March, 1887. Said deed is marked 'Exhibit E.' Objected to for the same reason as last above. *Sixth,* a certain tax receipt dated April 30, 1874, showing payment of taxes at that date on the lands in controversy by Rheuben B. Williams; same being marked 'Exhibit F.' Objected to as immaterial, by plaintiff. *Seventh,* a tax deed and tax receipt from the treasurer of Cedar county, Nebraska, to P. C. Nissen, one of the defendants herein, for the lands in controversy; said deed being dated the twenty-sixth day of September, 1883, duly filed and recorded on the said twenty-sixth day of September, 1883, as provided by law; same being marked 'Exhibit G.' Objected to as void upon its face, the same having no treasurer's seal thereon, and reciting a private sale, without any recital of notice of expiration of time of redemption, or failure to sell at public sale for want of bidders.

"Plaintiff's claim for rents and profits withdrawn, without prejudice to a future action therefor; and the premises in dispute are worth more than $500."

*Hastings & McGintie,* for plaintiff.

As to the rights of plaintiff, as against the unrecorded deed of Jacob Shoff to Rheuben B. Williams, it is conceded on all sides that, in the absence of such deed, plaintiff would be entitled to recover, if the tax deed to defendant Nissen is held void. Section 16, c. 73, Comp. St. Neb. 1885, p. 477, is as follows: "All deeds, mortgages, and other instruments of writing, which are required by law to be recorded, shall take effect and be in force from and after the time of delivering the same to the register of deeds for record, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages, and other instruments shall be adjudged void as to all such creditors, and subsequent purchasers without notice, whose deeds, mortgages, and other instruments shall be valid between the parties." Id. § 14, provides for the recording of every deed; and section 46 defines the word "deed" as embracing "every instrument in writing by which any real estate, or interest therein, is created, aliened, mortgaged, or assigned, or by which the title to any real estate may be affected in law or equity, except last wills and leases for one year or less." Id. § 45, provides: "The word 'purchaser,' as used in this chapter, shall be construed to embrace every person to whom any real estate, *or interest therein,* shall be conveyed, for a valuable consideration, and also by any assignee of a mortgage or lease or other conditional estate." Id. § 50, provides: "Every conveyance of real estate shall pass all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used."

The supreme court of Nebraska, in construing these statutes, uses the following language: "It is the purchaser in good faith for a valuable consideration, and without notice of the defects in the title, or such knowledge as, if proper inquiry were made, would lead to notice, that is protected, and plaintiff fails to show that he is entitled to protection, while it is pretty clear that he is not. A party who claims under a quitclaim deed from one who had formerly conveyed to another, and the effect of which will be to deprive the first grantee of his title, must make a clear case of *bona fides* on his part before his title will be sustained." *Hoyt* v. *Schuyler*, 19 Neb. 657, 28 N. W. Rep. 306.

A clear case of *bona fides*, and purchase for a valuable consideration, is precisely what is admitted here, and these statutes seem to be conclusive of the entire case.

It is conceded by plaintiff that a quitclaim deed to a third party would not cut off equities not resting in the deed, or other matter susceptible of record. *Oliver* v. *Piatt*, 3 How. 410; *May* v. *Le Claire*, 11 Wall. 232; *Dickerson* v. *Colgrove*, 100 U. S. 578; *Bragg* v. *Paulk*, 42 Me. 502. But it is submitted that the above rule does not in any manner affect the construction of recording statutes, nor do the cases last cited in any way deal with such statutes; and in *Griswold* v. *Bragg* the United States circuit court expressly say that the rule laid down in them does not affect "purchasers in good faith" under a statute; that it is simply a question of good faith, and the form of conveyance is important only as bearing upon that question. *Griswold* v. *Bragg*, 19 Blatchf. 94, 6 Fed. Rep. 342. In *White* v. *McGarry* the circuit court lays down the same doctrine in a case parallel to the one at bar, and in almost the same terms. *White* v. *McGarry*, 2 Flip. 572. Both the cases last cited are applying a statute far less explicit than our own.

In the Illinois case of *Kennedy* v. *Northup*, the deed of the heirs was a quitclaim, and the *habendum* was "to have and to hold in the same manner that we," etc. Nevertheless, Judge CATON, in a carefully considered opinion, holds that such deed will prevail over an unrecorded deed of the ancestor, and cites the statutes of Illinois, which are almost *verbatim* the same as section 16 above, except that they do not explicitly define who shall be held as purchaser, as does Nebraska. *Kennedy* v. *Northup*, 15 Ill. 148. This decision has been adhered to in all the subsequent decisions of that state. *Rupert* v. *Mark*, Id. 540; *Brown* v. *Banner Coal Co.*, 97 Ill. 215; *McNitt* v. *Turner*, 16 Wall. 352. To the same effect is *Youngblood* v. *Vastine*, in Missouri, construing a less explicit statute, and overruling an earlier decision in that state; and also *Taylor* v. *Harrison*, in Texas, deciding that it is simply a question of good faith, and the form of deed is important only to determine that question,—overruling *Rodgers* v. *Burchard*, 34 Tex. 441. *Youngblood* v. *Vastine*, 46 Mo. 239; *Taylor* v. *Harrison*, 47 Tex. 454; *Powers* v. *McFerran*, 2 Serg. & R. 44; *Pettingill* v. *Devin*, 35 Iowa, 354; *Graff* v. *Middleton*, 43 Cal. 341; *McCulloch* v. *Eudaly*, 3 Yerg. 346; *Massie* v. *Greenhow*, 2 Pat. & H. 255.

The holding in Minnesota is based upon a statute providing that quitclaim deeds shall carry only such interest as the grantor could lawfully convey, and it is held that he could lawfully convey nothing previously conveyed. *Martin* v. *Brown*, 4 Minn. 282, (Gil. 201;) *Marshall* v. *Roberts*, 18 Minn. 405, (Gil. 365.)

In two early cases it has been held by divided courts that an heir could not convey away premises so as to cut off the unrecorded deed of his ancestor. *Hill* v. *Meeker*, 24 Conn. 211; *Smith's Heirs* v. *Bank of Mobile*, 21 Ala. 128. But these were under statutes much less explicit than ours, and it is believed have not been followed in any other states,—certainly not in the numerous cases above cited. The Kentucky cases rest upon a statute protecting only one who purchases from *the same grantor.*

A sheriff's deed in this state vests in the purchaser the estate of the party at or after the time when the lands became liable for the satisfaction of the judgment. Comp. St. 1885, p. 694, § 500. This is all that by their terms such deeds purport to convey. They are strictly on a par with a quitclaim deed in that respect. Nevertheless, a purchaser at sheriff's sale, whose sale is first of record without notice, takes precedence over one holding by unrecorded deed. *Uhl* v. *May*, 5 Neb. 157; *Mansfield* v. *Gregory*, 8 Neb. 432, 1 N. W. Rep. 382; *McNitt* v. *Turner*, 16 Wall. 352; *et aliunde* in numerous cases.

Plaintiff submits that, under the facts of this case, he comes clearly within the definition of "purchaser" in section 45 of our real-estate statutes; that the conveyances under which he claims are distinctly included in the "deeds, mortgages, and other instruments" first recorded, as to which all unrecorded "deeds, mortgages, and other instruments" shall be void, as the same are defined in section 46, and provided for in section 16.

*Barnes Bros.*, for defendants.

The deceased (Jacob Shoff) having in his life-time sold the land to Rheuben Williams, and conveyed the same to him by deed with full covenants of warranty, Shoff's heirs at his death took nothing in the lands, because they could not inherit anything not owned or possessed by their ancestor at the time of his death. Our law is that an unrecorded deed is valid as between the parties. Comp. St. Neb. 1885, p. 477, § 16. If the deed was good between the parties, the heirs of Shoff inherited no interest in the land; and a quitclaim deed from them conveyed no interest to Hastings which could be asserted as against the unrecorded deed of their ancestor. *Chiles* v. *Coleman*, 12 Amer. Dec. 396, 2 A. K. Marsh. 296; *Hills* v. *Meeker*, 24 Conn. 211; *Smith's Heirs* v. *Bank of Mobile*, 21 Ala. 128; *Lawry* v. *Williams*, 13 Me. 281; *Hancock* v. *Beverly*, 6 B. Mon. 532; *Harlan* v. *Seaton*, 18 B. Mon. 312; *Lessee of Allen* v. *Parish*, 3 Ohio, 107; *Marshall* v. *Roberts*, 18 Minn. 405, (Gil. 365;) *Johnson* v. *Robinson*, 20 Minn. 189, (Gil. 169.)

The court will observe that it is shown by the evidence that plaintiff's title is simply by quitclaim deed, and the real consideration for the whole land in controversy is $40. Under the ruling of a majority of the courts, plaintiff cannot be considered as a *bona fide* purchaser without notice of defendant's rights, for the deed on its face is notice to him that his grantor had no title. *Snowden* v. *Tyler*, 31 N. W. Rep. 661. In this case the supreme court of Nebraska says that "the fact that the grantor will only give a quitclaim deed is notice of defect in his title, sufficient to put the grantee on his inquiry as to the rights of other persons in the land in question." *Hoyt* v. *Schuyler*, 19 Neb. 657, 28 N. W. Rep. 306; *Martin* v. *Brown*, 4 Minn. 282, (Gil. 201;) *Hope* v. *Stone*, 10 Minn. 141, (Gil. 114;) *Everest* v. *Ferris*, 16 Minn. 26, (Gil. 14;) *Johnson* v. *Robinson*, 20 Minn. 170, (Gil. 153;) *Marshall* v. *Roberts*, 18 Minn. 405, (Gil. 365;) *May* v. *Le Claire*, 11 Wall. 217; *Oliver* v. *Piatt*, 3 How. 333; *Bragg* v. *Paulk*, 42 Me. 502; *Smith's Heirs* v. *Bank of Mobile*, 21 Ala. 125; *Boone* v. *Chiles*, 10 Pet. 177; *Vattier* v. *Hinde*, 7 Pet. 252; *Watson* v. *Phelps*, 40 Iowa, 482; *Raymond* v. *Morrison*, 59 Iowa, 371, 13 N. W. Rep. 332.

BREWER, J. The settled law of the supreme court of the United States is that one who takes by simply a quitclaim deed is not a *bona fide* purchaser without notice. *Oliver* v. *Piatt*, 3 How. 410; *May* v. *Le Claire*, 11 Wall. 232; *Villa* v. *Rodriguez*, 12 Wall. 338; *Dickerson* v. *Colgrove*, 100 U. S. 578. While the question presented is one of local law, in which the federal courts follow the settled rule of the supreme court of the state, the supreme court of Nebraska has never directly decided contrary to the

rule of the United States supreme court. There are in two cases some intimations to the contrary; so far, at least, as the matter is affected by the recording acts. In *Hoyt* v. *Schuyler*, 19 Neb. 652, 28 N. W. Rep. 306, there was a claim under a quitclaim deed, but the supreme court held that, upon the facts, the claimant was not a *bona fide* purchaser. In *Snowden* v. *Tyler*, 31 N. W. Rep. 661, while there was a quitclaim deed in the chain of title, claimants held under a warranty deed; which, of course, presents a different question. While, in the first case cited, that court uses this language: "A party who claims title under a quitclaim deed from one who had formerly conveyed his title to another, and the effect of which will be to deprive the first grantee of his title, must make a clear case of *bona fides* on his part before his title will be sustained,"—in the second, it says: "The fact that the grantor will only give a quitclaim deed is notice of defect in his title, sufficient to put the grantee on his inquiry as to the rights of other persons in the land in question." From the language in these opinions, as well as from the facts of the cases, I do not know what that court will hold when the question is distinctly and definitely presented; hence, until then, I must follow the ruling of the supreme court of the United States; and in one of the cases cited from that court, that in 12 Wall., the question arose of a title as against an unrecorded mortgage.

Again, the grantors of plaintiff never had any title to this land. Their ancestor in his life-time had deeded it away. They were not, therefore, of record the owners. The deeds which they executed are not only "quit-claim" in the granting clause, but specially recite that they, as "heirs," shall never make further claim to the property. The question, therefore, is not technically between parties claiming under two deeds from the same grantor. Judgment will be entered for the defendants.