THE PEOPLE EX REL. WILLIAM TILL v. GEORGE ROY.

**Partnership**: LIABILITY OF EFFECTS OF, FOR DEBTS OF FIRM. The effects of a partnership cannot be released from the payment of debts against the firm, without the consent of every member thereof; and if a mere dissolution take place, it will be presumed that the assets of the firm are held by the member, in whose possession they may be found, *in trust* for the purpose of satisfying the demands of their joint creditors.

**Execution**: EXEMPTION. One member of a partnership, even though the head of a family, can not, under the provisions of Chap. 57, General Statutes, Secs. (512), (513), claim as exempt from forced sale upon execution, any portion of the partnership property, which has been levied upon to satisfy the claims of the firm creditors.

APPLICATION for mandamus.

*George P. Uhl,* for the relator.

*Schoenheit and Towle,* contra.

LAKE, CH. J.

In this case an alternative writ of mandamus was issued during the present term, requiring the defendant, who is a constable of Richardson county, and who, it was alleged, had seized in attachment certain of the relator's personal property claimed as exempt, to proceed as directed by section (513), General Statutes, 616, to have said property appraised, and permit him to select and retain therefrom to the amount of five hundred dollars in value, or that he show cause why he should not do so.

It appears that the relator is the head of a family, and in all other respects within the provisions of the statute authorizing a debtor to hold personal property under the five hundred dollar exemption clause. The only disputed point is as to the ownership of the property in controversy.

The answer of the defendant, after setting out the various writs by which the property was seized, alleges

that it was not the relator's, but belonged to a firm doing business under the name and style of William Till & Co., and that the several orders of attachment were issued in actions brought by certain creditors of said firm.

There is no question but that these goods were at one time a part of the stock in trade of said firm, of which the relator was a member, and that the several demands on which said suits are brought, are valid claims against William Till & Co.   But it is contended that just about the time, or a little before the property was taken possession of by the constable, the partnership was dissolved, and a division of the assets of the firm made, whereby this particular property fell to the share of the relator.

It is the law, undoubtedly, that one member of a firm cannot hold his interest in the partnership effects exempt from the payment of the debts of the concern, without the consent of his co-partners.   To hold otherwise would in many cases enable a person, so disposed, to throw upon his associates the entire burden of paying off the debts of the firm.   We hold that so long as there are unpaid debts, no part of the partnership effects can be released from liability for their payment, without the consent of every member of the firm.   "The *corpus* of partnership effects is joint property, and neither partner, separately, has anything in that *corpus:* but the interest of each is only his share of what remains after the partnership accounts are taken."   *Taylor v. Field,* 4 *Ves.,* 196.

The testimony before us is very meagre indeed, and exceedingly unsatisfactory.   The only witness called to establish the relator's claim of individual ownership over the goods, is his attorney, who only testifies that Till and his co-partner told him they had dissolved and divided the property.   This is merely hearsay and proves nothing.

But suppose it were shown satisfactorily that the partnership had terminated by the agreement of the parties, and nothing more, still the relator would not be entitled

to hold this property, released from the lien of his co-partner for the satisfaction of their joint debts. To give him this right, he is required to show that such was their agreement, and that it was made *bona fide.* If nought but a bare dissolution be shown, it will be presumed that the assets of the firm are held by the member thereof, in whose possession they may be found, clothed with a trust for his former associates, to apply the same in satisfaction of the demands of their joint creditors. *Ex parte Williams,* 11 *Ves.,* 3. *Story on Partnership, Secs.* 360, 361.

For the reason, therefore, that the evidence does not warrant us in finding that the relator holds this property in his own individual right, released from the obligation to apply it towards the payment of these partnership liabilities, the peremptory writ must be denied, and the cause dismissed at the costs of the relator.

JUDGMENT ACCORDINGLY.

The other justices concur.