AUGUST SCHOVERLING ET AL., APPELLANTS; V. JOHN
KOVAR ET. AL., APPELLEES.

**Debtor and Creditor:** SALE. A sale by one member of an in-
solvent firm of his individual property at a fair price, in payment
of his antecedent personal indebtedness, without any secret trust
or benefit reserved to himself, and by which a preference is given
to such creditor over those of the firm, is opposed to no principle
of law, and will be upheld.

APPEAL from Colfax county. Heard below before
GEORGE W. POST, J.

*Phelps & Thomas,* for appellants.

*J. M. McFarland* and *Geer & Reeder,* for appellees.

LAKE, CH. J.

This is an appeal from Colfax county. The action was
brought by the appellants, who are judgment creditors of
one John Shorney and the defendant John Kovar, as co-
partners under the name of Shorney & Kovar, to have cer-
tain real estate subjected to the payment of their judgment.
The land in controversy formerly belonged to Kovar, and
was by him conveyed to the defendant Hahn but a few
days before the recovery of the judgment. It is charged
that this conveyance was fraudulent as to the creditors of
said firm, and especially so as to the plaintiffs. But the
court below found otherwise, and the question is brought
here for review.

To this charge of fraud the defendants all oppose a gen-
eral denial. In addition to this, the defendant Hahn an-
swers that at the time of the conveyance Kovar, who is his
son-in-law, was justly indebted to him in the sum of four
hundred and fifty dollars, together with about ten dollars
of interest accumulated thereon, in satisfaction of which he

took the land in good faith.    To this point the evidence in the case is chiefly directed.

From a careful reading of the record we find that, although there are some little discrepancies and want of certainty in some of the testimony to the transaction, justly attributable, doubtless, to the fact that the witnesses had but a very imperfect understanding and use of the English language, in which they gave it, it is very clear as to Hahn at least, no fraud is shown, whatever may have been the design of Kovar in deeding the land.

It is shown by an abundance of testimony that early in the year 1881, on two occasions, Hahn loaned to Kovar, in all, four hundred and fifty dollars, for which, with interest at eight per cent, he was still indebted when the deed was made.    It is also shown by the testimony of three or four witnesses, and is disputed by none, that when the money was obtained, and several times afterwards on his attention being called to it by Hahn, Kovar promised to give him security for the loan on this very land.    For some reason, however, the matter was put off from time to time, and nothing done about it until after the firm of Shorney & Kovar had become embarrassed and unable to pay their debts, when, as "the shortest way," as Kovar says, "to satisfy the claim," it was arranged that Hahn should take the land in payment, and a deed was made accordingly.

We have looked in vain for evidence of bad faith on the part of Hahn in this transaction.    Indeed it is exceedingly doubtful whether even as against Kovar a finding of fraudulent intent could be upheld.    If the value of the land had exceeded and been greatly disproportionate to the amount due to Hahn, there would be reason for saying that, as to the excess, the design was to protect it for Kovar's use against the claims of his other creditors.    But no such disproportion is shown.    The amount really due to Hahn when he took the conveyance was, as the testimony shows, $465, while the value of the land did not exceed $500 at

most. Indeed, according to a decided preponderance of the evidence, the land was not worth more than $450.

Of the persons who testified to its value, the defendants Hahn and Kovar placed it at from $450 to $500; and the witnesses Arnold and Dostil, who were disinterested, at just $450. It is true that in his cross-examination Kovar seems to give assent to a much larger valuation, but the form of the question put to him, the present tense being used, seems to indicate that the value at the time of the trial, and not at the time of sale, which was a year before, was referred to. The valuation given by these witnesses seems to have been fair and satisfactory to the plaintiffs, for they produced no testimony against it.

We have here, then, as between these parties, clearly established, a sale by one member of an insolvent firm of his individual property, at a fair price, in payment of his antecedent personal indebtedness, without any secret trust or benefit reserved to himself, and by which a preference is given to such creditor over those of the firm. This the debtor had a right to do. Such a disposition of property is opposed to no principle of law, and will be upheld. *Crawford v. Kirksey*, 55 Ala., 282 (28 Am. Repts., 704), and cases there cited. A debtor who is unable to pay all his debts has an undoubted right to apply his means to the payment of such of them as he sees fit, except as restricted by our present assignment law [Compiled Statutes, 1883, p. 812], which is not here involved. There is nothing in the record which calls for correction, and the judgment will be affirmed.

JUDGMENT AFFIRMED.

ALL of the judges concur.