J. L. CALDWELL ET AL., PLAINTIFFS IN ERROR, V. THE BLOOMINGTON MNFG. CO., DEFENDANT IN ERROR.

Partnership. Where a firm is insolvent the partnership property will be applied to the payment of the partnership debts, and an individual creditor of a member of the firm cannot be paid out of partnership property to the exclusion of creditors of the firm.

ERROR to the district court of Lancaster county. Tried below before POUND, J.

*J. L. Caldwell, pro se.*

*A. C. Platt* and *Harwood & Ames,* for defendant in error.

MAXWELL, J.

In September, 1882, one John Krohn executed a bill of sale to George W. Severance of all his "interest in and to the goods and chattels of the firm of Krohn and Koener,"

subject to a certain chattel mortgage held by one George E. Fisher, the consideration named being the sum of $200 attorney's fees for services rendered by W. F. Severance to Krohn as an attorney.    In September of the same year, the plaintiff, Caldwell, rendered services as an attorney for Ida Koener to the amount of $50, for which she executed a bill of sale of the same property as Krohn.    In October, 1882, Fisher foreclosed his mortgage and the plaintiffs claim to have separated the remainder of the property covered by their bills of sale—had in fact taken possession of the same some two or more hours before the attachment under which the defendant claims was levied upon the property in dispute.    The defendant is a creditor of the firm of Krohn and Koener for goods sold to the firm. The firm is insolvent and seems to have been at the time the bills of sale were executed.    The plaintiffs are creditors of the individual members of the firm.    The question presented, therefore, is, what are the rights of individual creditors of an insolvent firm to the partnership assets as against the creditors of the firm ?

The question here presented was before this court in *Roop v. Herron*, 15 Neb., 73, where it was held that when a firm is insolvent the partnership property will be applied to the payment of the partnership debts, and an individual creditor of a partner cannot be paid out of firm property to the exclusion of firm creditors.    This decision, so far as we are aware, has not been questioned, and we adhere to it.    The case of *Schoverling v. Kovar*, 15 Neb., 306, turned principally upon the question of the good faith of the parties and was not intended to overrule that of *Roop v. Herron*.    The judgment of the district court is clearly right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.