CHARLES H. DEITRICH, PLAINTIFF IN ERROR, V. GEORGE D. HUTCHINSON, DEFENDANT IN ERROR.

1. **Assignment for Creditors:** PREFERRING CREDITORS. A debtor, even when in failing circumstances, has the right to pay the *bona fide* demand of one of his creditors to the exclusion of others. *Lininger v. Raymond*, 12 Neb., 19. A partnership or firm has the same right so long as the payments are made in good faith to creditors of the partnership.

2. **Trial:** QUESTIONS FOR JURY. Where a cause is being tried to a jury all questions of fact at issue, and material to the case, should be submitted to them with proper instructions for their guidance.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*J. M. Woolworth* and *R. A. Batty*, for plaintiff in error.

*Thurston & Hall* and *Dilworth & Smith*, for defendant in error.

REESE, J.

This was an action of replevin brought against the sheriff (Hutchinson), for the possession of a stock of goods levied upon by him, and which was claimed by plaintiff in error, who was plaintiff in the district court.

The petition was in the usual form, and, aside from the simple allegation of ownership contained therein, the issues of fact were formed by the answer and reply. The defendant sheriff answered that the goods in question were at a former time owned by and in the possession of the firm of Benjamin & Hutchinson, doing business in Hastings. That while thus owning the goods they became indebted to certain parties named in large amounts, which were reduced to judgments, and for the satisfaction of which, upon execution, the levy upon the goods had been made. This indebtedness was something over $1,900. That for the purpose of paying off this indebtedness the firm sold the property to Benjamin, who undertook and agreed to pay all the said debts, holding and using the goods for that purpose, this undertaking being, in part at least, the consideration for the goods, and that this undertaking on the part of Benjamin was well known to plaintiff at the time he purchased the property from Benjamin. It is further alleged, that " for the purpose of defrauding said creditors and fraudulently hindering and delaying the collection of said debts, plaintiff attempted to purchase said property from said Benjamin, well knowing the conditions on which Benjamin received and held the same, without providing for the payment of said debts, and that the firm and its members were insolvent unless said property was used to pay their debts."

The reply consists of a general denial, and the allegations, that in March, 1882, plaintiff was the owner of the property in question, and sold it to Benjamin & Hutchinson for the sum of $3,900, for which they executed to him their promissory notes. That afterwards, in contemplation of a dissolution of said firm and a sale of the goods to Benjamin, by reason of plaintiff being the principal creditor, he was consulted as to the transfer, and it was then agreed by all the parties that in case of a dissolution of the firm and the purchase of the property by Benjamin,

and the assumption by him of the debts, he should first pay the firm's debts to plaintiff, and that plaintiff should at all times be a preferred creditor. That the sale was made to Benjamin as contemplated, and the agreement made with plaintiff according to the foregoing statement. Benjamin continued in business in his own name until plaintiff became dissatisfied as to the safety of his claim, and purchased the stock of goods of Benjamin for the sum of $5,000, which was more than its value, applying in payment the notes referred to, and that he took possession of the goods and continued in possession until the levy thereon by defendant. Other allegations and denials are made, but which, in our view of the case, need not be noticed.

The cause was tried to a jury, who, by direction of the court, returned a verdict for defendant. Plaintiff alleges error on the part of the court in directing this verdict, thereby refusing the submission of the questions of fact to the jury.

It is not deemed essential here to examine at any great length the testimony of the various witnesses who testified on the trial of the cause. It is sufficient to say that plaintiff by himself and others sought to sustain the issue on his part as presented by his pleadings. He sought to show that the firm was indebted to him in the sum of about $4,200, and that the remainder of the $5,000 was applied to the payment of partnership indebtedness, and that there was no fraud in the purchase.

As said in *Roop v. Herron*, 15 Neb., 80, " A partnership is a distinct entity, having its own property debts and credits. For the purposes for which it was created it is a person, and as such is recognized by law." It is well settled in this state that a debtor may prefer one of his creditors. *Bierbower v. Polk*, 17 Neb., 268. *Nelson v. Garey*, 15 Id., 531. A partnership or firm, being in law a person with all the powers of an individual, within the scope of

its business would surely have the same right. If, therefore, plaintiff was the principal creditor of the firm, and the firm saw proper to give him the preference, so long as no actual fraud was intended or perpetrated, they had the right to do so. If an individual debt of one member of the firm was included in the consideration, while plaintiff might possibly in a proper proceeding be called upon to respond to the extent of the misappropriation, yet in the absence of any fraudulent intent on plaintiff's part it would not vitiate his whole purchase.

In causes tried to a jury all questions of fact are for their decision. The trial court cannot assume any material fact in issue to exist, even though the testimony may seem to preponderate largely in its favor.

We think the questions of fact involved in this case should have been submitted to the jury, with proper instructions upon the law applicable thereto for their guidance.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.