Rosenbaum & Co. v. Hayden & Co.

H. ROSENBAUM & CO., PLAINTIFFS IN ERROR, V. WILLIAM H. HAYDEN & CO., DEFENDANTS IN ERROR.

1.  Summons: PARTNERSHIP: SERVICE BY PUBLICATION. In an action against a firm by its firm name the summons may be served by a copy left at its usual place of doing business within the county, with one of the members, or with the clerk or general agent thereof. And where an action is properly brought, but personal service cannot be had upon any of the above named persons, it may be made by publication.

2.  Partnership. A partnership is a distinct entity, having its own property, debts, and credits. For the purpose for which it was created it is a person, and as such is recognized by the law.

3.  ——: ATTACHMENT: JURISDICTION. H. & Co. were doing business in Red Willow county, and an action was brought against such firm in that county, and an attachment issued and levied upon certain firm property. Service was had by publication, and on the day set for hearing the defendant appeared and objected to the jurisdiction of the court, for the reason that the firm consisted of W. H. H. and no other person, and that since the commencement of the action he had been a resident of Adams county. Held, That as he had contracted the debts in a firm name and thereby received the benefit to be derived from a partnership name, he could not thereby divest himself of the burdens incident thereto, one of which was the right to bring an action in the county in which the alleged firm was doing business. Held, Also, that having received credit as a firm, he was as to creditors estopped to deny that relation.

ERROR to the district court for Red Willow county. Heard below before GASLIN, J.

*J. Byron Jennings*, for plaintiffs in error, cited: Code, Sec. 932. *Paine v. Moreland*, 15 Ohio, 444. *Taylor v. Carney*, 4 Kan., 548. *Cooper v. Reynolds*, 10 Wall., 308.

*Capps & McCreary*, for defendants in error.

MAXWELL, CH. J.

This action was commenced before a justice of the peace in Red Willow county by the plaintiffs against the defendants.    The docket entries are as follows :

" *June 7th, 1886.*    Plaintiff filed his bill of particulars, wherein he claims of the defendant the sum of $200 upon an account.

" *June 7th, 1886.*    Plaintiff filed the following affidavit for attachment :

"' Before S. H. Colvin, a justice of the peace in and for said Red Willow county, Nebraska.

"' H. Rosenbaum & Co. ⎫        The State of Nebraska,
            v.          ⎬        Red Willow County.
Wm. H. Hayden & Co. ⎭

"'R. S. Beck, agent of the plaintiffs, being first duly sworn, deposes and says that they have commenced an action before S. H. Colvin, a justice of the peace, against Wm. H. Hayden & Co., to recover the sum of $200, now due and payable, from the defendant.    Affiant says that said claim is just, and they ought as he believes to recover thereon the sum of $200, and that the defendant, Wm. H. Hayden & Co., so conceal themselves that a summons cannot be served upon them, and are about to convert their property, or a part thereof, into money, for the purpose of placing it beyond the reach of their creditors, and have property which they conceal.

"' R. S. BECK.

"' Subscribed in my presence and sworn to before me this 7th day of June, 1886.

"'S. H. COLVIN,
" ' *Justice of the Peace.*'"

The plaintiffs filed an undertaking, which was duly approved.    Certain property of the defendant was attached, which was appraised at more than $200, and an agent of the defendant executed an undertaking to abide the judg-

ment of the court, and thereupon the property was released. The return on the summons is as follows :

"Received this writ June 7th, 1886; as commanded by this writ, I, on the 7th day of June, 1886, summoned the within named W. H. Hayden & Co., by leaving at their usual place of doing business, in Red Willow county, Neb., with Charles Noble, the clerk and general agent of the defendants, a certified copy of this writ and the .endorsement thereon.

Dated this 11th day of June, 1886.

Fees :

Service and return... 50

Copy ................... 25     JOHN W. WELBORN,

—                                    *Sheriff.*

75   . By J. H. BENNETT,

*Deputy.*"

At the return day of the summons the defendant filed the following:

"The defendant specially appearing, solely and only for that purpose and for none other, objects to the jurisdiction of the court, for the reason that no service of summons has been had upon defendant."

This motion was supported by the following affidavit:

"STATE OF NEBRASKA, }
  Red Willow County. }

"Charles Noble, being first duly sworn, deposes and says that he now is and has been for a long time since, a resident of McCook, Nebraska; that on the 7th day of June, 1886, a copy of what purported to be a summons to Wm. H. Hayden & Co., from the justice court of S. H. Colvin, of Red Willow county, Nebraska, to answer the action of H. Rosenbaum & Co., was presented to this affiant by the deputy sheriff of said county; that at the time of the service of summons on this affiant he was not in the employment of Wm. H. Hayden & Co., or Wm. H. Hayden, in any capacity whatever, at any time since the

commencement of this suit of *H. Rosenbaum & Co. v. Wm. H. Hayden & Co.;* that he was not the agent, and was not in the employment of any of the defendants in any capacity whatever, or any way connected with said Hayden or company, at the time of commencing the above stated action, or at any time since, and this affiant says that said copy of said summons was handed to him in the store-room lately occupied by the said Hayden & Co., in McCook, Nebraska; that said store-room was not at the time of the commencement of this suit, is not now, and never has been the usual place of residence of the said Wm. H. Hayden, or any of the defendants in the above entitled cause, and this affiant further says that he never had any interest of any kind, or value whatever, in the business of Wm. H. Hayden & Co., and further this affiant saith not.
                                         "Charles Noble.

"Subscribed and sworn to before me this the 12th day of June, 1886.
                              "S. H. Colvin,
                              "*Justice of the Peace.*"

The justice sustained the objections, and thereupon the cause was continued for service. In this we think the court erred.

Section 25 of the code provides that, "Process against any such company or firm shall be served by a copy left at their usual place of doing business within the county, with one of the members of such company or firm, or with the clerk or general agent thereof, and executions issued on any judgments rendered in such proceedings shall be levied only on partnership property."

It will be observed that Noble swears that the summons was served upon him at the place of business of Wm. H. Hayden and Co., but he alleges that at the commencement of the suit he was not in the employment of that firm. He fails to state dates when his connection with the firm ceased. He swears to a mere conclusion, as there might be a differ-

ence of opinion as to the date the suit was commenced, notwithstanding the plain provision of the statute, nor does he swear that he was not left in charge of the store. No error is assigned upon this ground, however, and the matter need not be further considered.

The cause being continued for service, the plaintiff proceeded to obtain service by publication. At the time set for the hearing in the publication notice the defendant appeared specially and objected to the jurisdiction of the court, for the reason that the defendant at the commencement of the action and then was a resident of Adams county, as follows :

"The defendant appearing specially, for that purpose and for none other whatever, suggests to the court want of jurisdiction over the person of the defendant, and over the subject-matter of this suit, for the reason that said defendant at the time of the commencement of this suit was and ever since has been a resident of Hastings, Adams county, Nebraska, and subject to service in said county, and no personal service has ever been had in this cause."

The justice overruled the motion, and the defendant failing further to appear, judgment was rendered in favor of the plaintiff for the sum of $200. The cause was then taken on error to the district court, where the judgment of the justice was reversed and the cause dismissed. The plaintiffs now prosecute error in this court.

It will be observed that the action is brought against W. H. Hayden & Co., a purported firm doing business in Red Willow county. In such case section 25 of the code authorizes service to be made upon the firm at the usual place of doing business within the county. In such case a party is not compelled to go to the residence of the partners, but proceed at one against the artificial persons—the firm. The reason, as given in *Roop v. Herron*, 15 Neb., 80, is, "a partnership is a distinct entity, having its own property, debts, and credits. For the purposes for which it was

created it is a person, and as such is recognized by the law. And the credit being given to the firm—in effect to the partners jointly, it would seem but justice that the goods so purchased should not be diverted to the use of an individual partner, when such diversions will have the effect to defraud the creditors of the firm."

Acting upon this rule, this court has uniformly held that in case of the insolvency of the firm, partnership debts were to be paid out of the joint fund before any portion of such fund could be applied to other purposes. *Bowen v. Billings*, 13 Neb., 439. *Roop v. Herron*, 15 Neb., 73. And such is the rule stated by Chancellor Kent. 3 Kent's Com., 64. And this principle is recognized in cases where an execution for the separate debts of one of the partners is levied upon the partnership property. In such case the levy is restricted to the interest of the judgment debtor therein, after the adjustment of the partnership debts. *Nixon v. Nash*, 12 O. S., 647. *Hankey v. Garratt*, 1 Ves., 239. *Barker v. Goodair*, 11 Id., 85. *Muir v. Leitch*, 7 Barb., 341. *Deal v. Bogue*, 20 Penn. State, 228. Story's Eq. Juris., Sec. 677, and cases cited. Partnership property, likewise, is not subject to the exemption laws. *Till's Case*, 3 Neb., 261. *Wise v. Fry*, 7 Neb., 134. The firm, therefore, for the purposes of being sued, was a resident of Red Willow county. Credit was given to it in that county under the supposition that it was doing business there. Hayden's affidavit, " that he was the sole owner and proprietor of the business conducted at McCook, Nebraska, under the name of Hayden & Co." and " that he now is living at his home in Hastings, Nebraska, fully accessible to any or all process from the courts of this state, and has never at any time attempted to avoid the service of summons issued from this or any other court," is found in record. By this he admits that he was doing business in a partnership name, thereby receiving all the benefits to be derived from it. He does not claim that it was generally

known that he was sole partner, and the name in fact fictitious, but he held himself out to the world as a firm doing business at a certain point, and received credit there as a firm, and as against a creditor who trusted him on the strength of his being a firm he will not be permitted to deny that fact to the prejudice of such creditor. He must take the burden with the benefit. Had he done business in the name of W. H. Hayden, at McCook, and at the same time been a resident of Adams county, creditors would have known that in order to bring an action against him they must proceed in the county of his residence, or where service could be had upon him. But having done business in a firm name, his property, as to creditors of such firm and as to the rights and remedies against it, will be in all respects the same as if the firm of W. H. Hayden & Co. was composed of two or more partners.

This being so, the judgment of the district court is reversed, and that of the justice reinstated, and the cause is remanded to the district court with directions to enforce the undertaking of the defendant to perform the judgment of the court.

JUDGMENT ACCORDINGLY.

THE other judges concur.