GEORGE E. BANKS, ADMINISTRATOR, ETC., V. D. M. STEELE ET AL.

[FILED JUNE 27, 1889.]

**Partnership**: CLAIMS OF CREDITORS. The creditors of an insolvent firm, one of whose members is deceased, have a primary claim upon the partnership assets, their right being superior to that of an administrator of the deceased partner.

ERROR to the district court for Hitchcock county. Tried below before GASLIN, J.

*George E. Banks*, for plaintiff in error, cited: Schouler, Executors and Administrators, sections 325, 326, 339; Lindley on Partnership (Ewell), p. 1044–1047; *Hoyt v. Sprague*, 12 Chicago Legal News, 25; *Sage v. Woodin*, 66 N. Y., 578.

*R. B. Likes*, and *J. Byron Jennings*, for defendant in error, cited: Maxwell's Pl. & Pr., 32; *Trowbridge v. Cross*, 7 N. E. Rep., 347.

MAXWELL, J.

In September, 1887, the defendant in error brought an action against Ollie M. Pearson, surviving partner of Smith & Pearson, and alleged in their petition that "between the 30th day of April, 1886, and the 11th day of August, 1886, the said defendant and one Jesse Smith were partners, carrying on the business of general merchants in the town of Trenton, Hitchcock county, Nebraska. That on the 11th day of August, 1886, said partnership was dissolved by the death of the said Jesse Smith, the defendant, Ollie M. Pearson, retaining the partnership goods and assuming the payment of the partnership debts, the said Pearson being the sole surviving partner of the firm of Smith & Pearson·

That after the dissolution of said partnership the said Ollie M. Pearson sold a considerable portion of said partnership goods for cash and converted the same to his own use, and has refused to apply the same to the payment of the partnership debts. That between the 30th day of April, 1886, and the 11th day of August, 1886, the plaintiff sold and delivered to the firm of Smith & Pearson, at their request, goods and merchandise to the amount of $742.83, and that between the 11th day of August, 1886, and the 18th day of September, 1886, plaintiff sold and delivered to this defendant, at his request, goods and merchandise to the amount of $56.05; no part thereof has been paid except the sum of $309$\frac{17}{100}$, and there is now due from the defendant to the plaintiff upon said account the sum of $489.71 and interest thereon from the 3d day of December, 1886."

To this petition the plaintiff in error filed an answer as follows:

"That on or about the 14th day of December, 1886, the county judge of Hitchcock county, Nebraska, appointed the said George E. Banks administrator of the estate of the said Jesse Smith, deceased; that he duly qualified and is now acting in said office.

"2d. Said Jesse Smith, at his decease, was the owner and in possession of one-half interest in said stock of general merchandise of Smith & Pearson, at Trenton, Nebraska. The whole of said stock was of the value of $2,820.82.

"3d. On or about the 13th day of August, 1886, T. J. Floyd was appointed special administrator of the estate of said Jesse Smith, by the county judge of Hitchcock county, Nebraska, and the said T. J. Floyd, on the 24th day of August, 1886, returned to said county judge an inventory and appraisement of the interest of said estate on said stock of goods, amounting to $1,410.41.

"Said special administrator permitted and allowed said Ollie M. Pearson to retain possession of said stock of

goods, and to continue the business of the said late firm of Smith & Pearson, said Pearson agreeing to keep a true and correct account of all sales, and to deliver to said special administrator, on demand, all moneys, credits, goods and chattels belonging to said estate.

"Said Ollie M. Pearson sold a considerable portion of said goods between August 11, 1886, and December 3, 1886, and applied the proceeds to his own use as his part and interest in said stock of goods.

"On or about the 3d day of Dec., 1886, the said Ollie M. Pearson absconded from the state of Nebraska, and abandoned the remaining portion of said stock of goods to said special administrator, leaving the same in the care of a clerk.

"Before said special administrator knew of the actions of the said Ollie M. Pearson, the sheriff attached said stock of goods at the suit of these plaintiffs against the said late firm of Smith & Pearson. Although said suit was dismissed the sheriff refused to deliver said goods to the present administrator, but at the request of R. B. Likes, plaintiff's attorney, retained the same until the writ in this case was issued and the goods taken thereunder.

"Said defendant and cross-petitioner, George E. Banks, administrator, claims said goods attached in this case to belong to said estate of Jesse Smith, and prays judgment for the same or for their value in the sum of $1,410.41, and interest and costs.

"As to the indebtedness of said late firm of Smith & Pearson to plaintiff, your interpleader is unable to say."

On the trial of the cause the court found in favor of the defendants in error and "That the debt upon which this action was brought is and was a partnership debt of the said firm of Smith & Pearson, of which Ollie M. Pearson is the sole surviving partner; that upon the death of said Jesse Smith, of the said firm of Smith & Pearson, Ollie M. Pearson, as the sole surviving partner, was en-

titled to the possession of said goods for the purpose of paying the partnership indebtedness. .

" That the amount of the partnership property is insufficient to pay the partnership debts, and that said copartnership is wholly insolvent, and that there is due the plaintiff from the defendant Ollie M. Pearson, as the sole surviving partner of Smith & Pearson, the sum of $484.71, and its costs herein expended, taxed at $...................... And it appearing to the court that the property taken by the sheriff under said order of attachment has been sold by order of the court under the provisions of section 218, Civil Code of Nebraska, and that the proceeds thereof are now in the hands of the sheriff :

"It is, therefore, ordered that the sheriff pay over to the ·plaintiff so much of the same as will satisfy the aforesaid judgment and costs."

Banks, the administrator, appeals. There is a lengthy stipulation of facts, which under the pleadings seems to have been unnecessary. The question presented is the right of the administrator of a deceased partner, the firm being insolvent, to the possession of the partnership property as against a creditor of the firm. In *Bowen v. Billings,* 13 Neb., 443, this court held that where a partnership is insolvent the creditors of the firm have the primary claim on the partnership property, and the partnership debts are to be paid before any portion of such funds can be applied to other purposes. (*Murrill v. Neill,* 8 How. U. S., 414 ; *Converse v. McKee,* ·14 Tex., 20 ; 3 Kent's Com., 65 ; Lindley on Part., 323*, and cases cited.) This rule has been constantly applied by this court and is decisive of this case. (*Roop v. Herron,* 15 Neb., 73 ; *Caldwell v. Bloomington Mfg. Co.,* 17 Id., 489 ; *Smith v. Jones,* 18 Id., 481.)

The rights of the creditors, therefore,will prevail over the claim of the administrator and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.