JAMES RICHARDS, APPELLEE, AND GROMMES & ULLRICH ET AL., APPELLANTS, V. GILBERT I. LEVEILLE ET AL., APPELLEES.

FILED FEBRUARY 19, 1895.   No. 5949.

1. **Partnership:** INSOLVENCY: DISTRIBUTION OF ASSETS. Where a copartnership is insolvent a court of equity, when its powers are invoked to that end in a proper proceeding, either by a member of such copartnership or by a firm creditor, will apply the assets of the copartnership to the payment of the firm debts to the exclusion of the debts of the individual partners. (*Roop v. Herron,* 15 Neb., 73; *Caldwell v. Bloomington Mfg. Co.,* 17 Neb., 489; *Rothell v. Grimes,* 22 Neb., 526; *Banks v. Steele,* 27 Neb., 138; *Tolerton v. McLain,* 35 Neb., 725.)

2. ———: ———: ———. Such rule is based on the legal presumption that the creditors of a copartnership have given credit to it on the faith of the firm assets and business, while the debts of the individual members of the firm were contracted on the faith and credit of the individual responsibility and property of the members.

3. ———. A partnership is a distinct entity, having its own property, debts, and credits. For the purposes for which it was created it is a person, and as such is recognized by law. (*Roop v. Herron,* 15 Neb., 73.)

4. ———: SALE OF ASSETS. A copartnership may sell, convey, incumber, and dispose of its property in the same manner that an individual may; and the copartnership assets may be levied upon and sold for the payment of the debts of all the individual members of the copartnership, and such sale will not be invalid because the debt was that of the individual members of the firm.

5. ———: PREFERRING CREDITORS.  A copartnership, even though
    insolvent, has the right to pay a part of its creditors in full to
    the exclusion of others, so long as such payment is made with
    an honest purpose.  (*Deitrich v. Hutchinson*, 20 Neb., 52.)

6. ———: LIEN OF CREDITORS UPON ASSETS.  The creditors of a
    copartnership, merely because they are creditors, are not given a
    lien by law upon its assets, whether the firm be solvent or in-
    solvent.

7. ———: ASSETS: TRUSTS.  The assets of a copartnership, even
    though it be insolvent, are not held in trust by the members of
    the firm for the payment of copartnership debts.

8. ———: EQUITY: DISTRIBUTION OF ASSETS.  It is only in a proper
    proceeding instituted by a member of an insolvent copartner-
    ship or by a creditor thereof that the assets of such copartner-
    ship are first applied by a court of equity to the payment of co-
    partnership debts.

9. ———: ———: ———.  And such application is not thus made
    because the copartnership assets are trust funds for the pay-
    ment of firm creditors, nor because creditors of an insolvent co-
    partnership are by law given a lien on such assets to secure the
    payment of their debts; but such application is based upon the
    equitable doctrine that that fund, on the faith of the existence
    of which a credit was given, should be first applied to the liqui-
    dation of such credit.

APPEAL from the district court of Douglas county.
Heard below before IRVINE, J.

The facts are stated by the commissioner.

*Albert S. Ritchie*, for appellants:

If the debt for which the note was given was a partner-
ship debt, then there is no equity in the claim that the ex-
ecution was not a lien upon the partnership property, be-
cause it would only be levying upon property belonging to
the partnership for a firm debt, and this could be done
whether the execution ran against them individually or as
a partnership.  (*Martin v. Davis*, 21 Ia., 335.)

Even if the note was the individual debt of the part-
ners, the execution, levied as it was, became a lien upon the

partnership property. (*Saunders v. Reilly*, 105 N. Y. Ct. App., 12; *Ransom v. Van Deventer*, 41 Barb. [N. Y.], 307; *Wilson v. Robertson*, 21 N. Y., 587; *Kirby v. Schoonmaker*, 3 Barb. Ch. [N. Y.], 46; *Case v. Beauregard*, 99 U. S., 119; *Fitzpatrick v. Flannagan*, 106 U. S., 648; *National Bank of the Metropolis v. Sprague*, 20 N. J. Eq., 30.)

*Kennedy & Learned, contra:*

Where a partnership is insolvent, the creditors of the firm have the primary claim on the partnership property, and the partnership debts are to be paid before any portion of such funds can be applied to other purposes. (*Banks v. Steele*, 27 Neb., 138; *Rothell v. Grimes*, 22 Neb., 526; *Caldwell v. Bloomington Mfg. Co.*, 17 Neb., 489.)

RAGAN, C.

James Richards and Gilbert I. Leveille constituted a copartnership under the firm name of Richards & Co., domiciled in Douglas county, Nebraska, and engaged in the business of contracting and building. . On the 12th of June, 1891, in the county court of said Douglas county, Grommes & Ullrich, a copartnership domiciled in Chicago, Illinois, and dealing in liquors and cigars, recovered a judgment against said James Richards and Gilbert I. Leveille for the sum of $338.70, on a promissory note theretofore executed by said James Richards and Gilbert I. Leveille to the said Grommes & Ullrich. On the 8th of July, 1891, an execution was issued on this judgment and delivered to a constable, who seized certain of the copartnership property of Richards & Co. thereunder. On the 9th of July, 1891, said James Richards brought a suit in equity in the district court of Douglas county against his copartner Leveille. In his petition Richards alleged the existence of the copartnership between himself and Leveille, the insolvency of said copartnership, and that the judg-

ment of Grommes & Ullrich was not a debt of the copartnership of Richards & Co., but was based on the individual debt of his copartner, Leveille, to Grommes & Ullrich for liquors and cigars purchased by Leveille from Grommes & Ullrich for the former's benefit. Richards prayed for a dissolution of the copartnership and for the appointment of a receiver to take charge of the assets of the firm of Richards & Co. A receiver was accordingly appointed, and said constable, in obedience to an order of the court, turned over the property of the copartnership of Richards & Co. which he had seized on the execution in favor of Grommes & Ullrich to said receiver. Grommes & Ullrich and the constable, by permission of the court, then filed a petition of intervention in the action of Richards against Leveille, claiming a lien upon the property levied upon by the constable by virtue of such levy. The district court found and decreed that the intervenors had no lien upon said property seized by the constable, and ordered the receiver to hold and apply the proceeds of the sale of the property in accordance with the further order of the court, and from this decree Grommes & Ullrich and Dingman, the constable, have appealed.

The only issue of fact presented to the district court was whether the judgment of Grommes & Ullrich against James Richards and Gilbert I. Leveille was founded on a debt of the copartnership of Richards & Co., or the debt of the individual members of such copartnership; and from the order made by the district court it must have found on this issue that the judgment was not based upon the debt of the copartnership; and the evidence justifies this finding. Here then we have an insolvent copartnership, the assets of which have been seized on execution for the satisfaction of the individual debt of the members, or one of them, of the firm, and one of the members of such copartnership appealing to a court of equity for a decree directing that the firm debts should be paid out of

the assets of such copartnership before such assets should
be used to discharge individual debts of the members of
such firm.    The rule is that where a copartnership is in-
solvent a court of equity, when its powers are invoked to
that end in a proper proceeding, either by a member of
such copartnership or by a copartnership creditor, will ap-
ply the assets of the copartnership to the ·payment of the
firm debts to the exclusion of the debts of the individual
partners. (*Till's Case*, 3 Neb., 261; *Roop v. Herron*, 15
Neb., 73; *Caldwell v. Bloomington Mfg. Co.*, 17 Neb., 489;
*Rothell v. Grimes*, 22 Neb., 526; *Banks v. Steele*, 27 Neb.,
138; *Tolerton v. McLain*, 35 Neb., 725.)    This rule is
based on the legal presumption that the creditors of a co-
partnership have given credit to the firm on the faith of
the copartnership assets and business, while the debts of
the individual members thereof were contracted on the faith
and credit of the individual responsibility and property of
the members; and when the affairs of an insolvent copart-
nership come to be settled by a court of equity it will apply
the assets in accordance with such legal presumptions.
*Saunders v. Reilly*, 12 N. E. Rep. [N. Y.], 170, relied upon
by counsel for appellants, is not opposed to this rule.    In
that case a sheriff levied an execution issued on a judgment
against the individual members of an insolvent copartner-
ship upon the entire firm assets and sold them.    Subse-
quently a creditor of such copartnership obtained a judg-
ment against it and put an execution in the hands of the
sheriff, which he returned unsatisfied.    The copartnership
judgment creditor then sued the sheriff for making a false
return, and the court held that the sheriff was not liable,
as the copartnership assets could be levied upon and sold
under an execution against all the members thereof for
their individual debts.    In the case at bar, if the firm cred-
itors of Richards & Co. and the members of such firm had
remained inactive and permitted the constable, Dingman,
to sell the copartnership assets levied upon, such sale would

Richards v. Leveille.

not have been invalid, because the copartnership assets were sold to satisfy the individual debts of the copartners. A partnership is a distinct entity, having its own property, debts, and credits. For the purposes for which it was created it is a person, and as such is recognized by the law. (*Roop v. Herron*, 15 Neb., 73.) And a copartnership, even though in failing circumstances, has the right to pay a part of its creditors in full to the exclusion of others, so long as such payments are made with an honest purpose. (*Dietrich v. Hutchinson*, 20 Neb., 52.) The creditors of a copartnership, merely because they are creditors, are not given a lien by law upon its assets whether the firm be solvent or insolvent. If they were, it would be impossible for the copartnership to transact business, as every person who purchased any part of its property would take the property purchased subject to such liens. Nor are the assets of a copartnership, even though insolvent, held in trust by the members of the copartnership for the payment of firm debts. A copartnership may sell, convey, incumber, and dispose of its property in the same manner that an individual may; and the copartnership assets may be levied upon and sold for the payment of the debts of the copartnership, or for the payment of the debts of all the individual members of the copartnership, in the same manner as can the assets of an individual. It is only when in a proper proceeding instituted by a member of the insolvent copartnership or by a creditor thereof that a court of equity interferes and applies the copartnership assets first to the payment of the copartnership debts; and such application is not thus made because the copartnership assets are trust funds for the payment of copartnership creditors, nor because creditors of an insolvent copartnership are by law given a lien thereon to secure the payment of their debts, but such application is based upon the equitable doctrine that that fund, on the faith of the existence of which a credit was given, should

be applied in equity to the liquidation of such credit. The decree appealed from is in harmony with these views and it is accordingly

AFFIRMED.

IRVINE, C., not sitting.