FRANZ WERNER ET AL., APPELLANTS, V. PETER E. ILER
ET AL., APPELLEES.

FILED APRIL 8, 1898.    No. 7965.

1. **Partnership:** JUDGMENTS: EXECUTIONS: DISTRIBUTION OF PROCEEDS.
A partner, without authority from his copartner, signed the firm
name to notes as security for a stranger and not given with any
reference to the firm business. The firm was not then in debt or
contemplating becoming so. Thereafter firm debts were incurred.
Judgment was regularly recovered against the firm on the notes.
There was no charge of fraud or collusion. Execution was levied
on the partnership property, and the firm creditors having recov-
ered judgments, they, too, caused executions to be levied on the
same property, and then brought suit to have the proceeds of the
property first applied to the satisfaction of their demands. *Held*,
That they were not entitled to such relief.

2. ——: ——: ESTOPPEL. Under such circumstances the partner
who did not sign the notes was precluded from asserting, after
suffering judgment thereon, that he or the firm was not bound,
and creditors, in the absence of fraud, had no greater right.

APPEAL from the district court of Douglas county.
Heard below before DUFFIE, J. *Affirmed.*

*B. N. Robertson*, for appellants.

*Lake, Hamilton, & Maxwell*, contra.

IRVINE, C.

Henry Voss and William Voss were partners as Voss
Bros., in the wall-papering business. May 29, 1893,
Henry Voss signed the firm name to two notes drawn in
favor of Peter E. Iler, and signed also by G. A. Ackerman
and B. C. Voss. The consideration of these notes did not
move to the firm, but, on the other hand, they were given
in payment of rent of a building occupied by B. C. Voss
and Ackerman and used in another business. Judgment
was rendered against the firm on one of the notes August
12, 1893, and on the other October 24. Subsequently
judgments against the firm were recovered by Werner

and Henry Lehman, both on debts incurred by the firm of Voss Bros. in the prosecution of its business. Executions on the Iler judgments were levied on the firm property, and later executions on the Werner and Lehman judgments were levied on the same property, subject to the prior levies. Then Werner and Lehman brought this suit to require the proceeds of the sale of the firm property so levied upon to be first applied to the satisfaction of their judgments. Their theory was that the debts represented by their judgments being strictly partnership debts, were entitled to satisfaction out of the partnership property before the debt of Iler, which did not originate out of the partnership business, and which was, it is claimed, created by Henry Voss without authority. The property levied upon was, by order of the district court, sold and the proceeds paid into court to await the event of this suit. On final hearing the court found for Iler and ordered the fund in court to be applied on the Iler judgments. The plaintiffs appeal.

The plaintiffs assert that Henry Voss, being without authority to bind the firm on matters outside the scope of its business, the debt must be treated as his individual debt, notwithstanding the judgment against the firm, and they then invoke the doctrine of equity, that partnership assets are to be first applied to the payment of partnership debts. The facts do not call for an application of that doctrine. It has been held that such doctrine is not based on the theory that a partnership creditor has a lien on the partnership assets, for, merely as a general creditor, he has no such lien. It is based on the presumption that credits have been extended to the individuals on the faith of their individual assets, and to the partnership on the faith of the partnership assets. (*Richards v. Le Veille*, 44 Neb. 38.) The right to require such application is, indeed, not a primary right of the creditor, but a derivative right, traced through the primary right of the partner not liable for the debt as a partner, to have such application made. It is not averred or proved that when the

41

Iler debts were incurred the partnership was insolvent. It does not appear then that the firm owed a dollar. Even when the Iler judgments were recovered none of the debts to plaintiffs had been incurred except about $40 to Lehman. While there is evidence that Wiliam Voss did not authorize Henry to sign the Iler notes and did not then know of them, he might ratify the act, at least unless such ratification would operate as a fraud on partnership creditors. There is no pretense that the Iler judgments were not obtained on due service of process and with perfect regularity, and there is no charge of collusion or fraud. If William Voss desired to repudiate his brother's acts he should have done so in the suit brought on the notes. Suffering judgment then to go against the firm precluded him from thereafter questioning the debt. Without setting aside those judgments for irregularity, fraud, or some equally potent cause, he could not thereafter assail them. As the plaintiffs were not existing creditors, and there is no charge that the debts to Iler were incurred or the judgments suffered in contemplation of creating debts, the plaintiffs can assert no rights which William Voss did not possess. It follows that the debts to Iler, if they were not in the first instance firm debts, became so on the rendition of the judgments against the firm. They are now as much so as the debts to the plaintiffs, and all must be satisfied in the legal order of priority of liens. The consideration for the creation of the debts, or the application of that consideration to partnership business, does not, under the facts of the case before us, become material.

AFFIRMED.