SELINA F. BROWN v. JOSEPH G. SLOAN, SHERIFF.

FILED MAY 4, 1898.   No. 8067.

Replevin: EQUITABLE LIEN OF CREDITOR: INSTRUCTIONS. In an action of replevin prosecuted by one who claimed the right of possession of goods as against a sheriff who held them under writs of attachment it was prejudicially erroneous to instruct the jury that a creditor has an equitable lien on property owned by his debtor merely because the relation of debtor and creditor exists between them.

ERROR from the district court of Pawnee county. Tried below before BABCOCK, J. *Reversed.*

*Thomas H. Matters* and *Henry Matters*, for plaintiff in error.

*H. C. Lindsay, J. B. Raper, A. D. McCandless, G. E. Becker, Story & Story*, and *Ricketts & Wilson, contra.*

RYAN, C.

In her petition filed in the district court of Pawnee county Selina F. Brown alleged that she was the owner and entitled to the immediate possession of certain wares and merchandise; that said goods were detained from

her by Joseph G. Sloan, the sheriff of said county, and that said property was not taken upon execution, etc., against her. There was an answer containing a denial of each averment in the petition. On a trial of the issues presented there was a verdict by which it was found that at the commencement of the action the sheriff had a special ownership in the property in controversy by virtue of certain writs of attachment by him levied thereon and was entitled to the immediate possession of said merchandise. The value of the possession of the sheriff was found to be $3,379.44, and there was judgment accordingly.

The court, at the request of the defendant, gave the following instruction:

"6. The court instructs the jury that where a person has incurred debts on the strength of his being the owner of a certain property, his creditors have an equitable lien thereon and may insist that he use his property honestly and fairly and without any intention of hindering and delaying them in the collection of their claims. The law requires a debtor to act in good faith with his creditors and apply his property not exempt, if need be, to the payment of his debts. If he attempts to evade this duty, and for the purpose of hindering and delaying or defrauding his creditors transfers his property to others with knowledge on the part of such grantees of such intent, such grantees will take the property charged with the trust."

In view of the fact that the sheriff's possession was justified by the verdict of the jury because of the writs of attachment under which he had levied on the goods, we cannot assume that this instruction was without influence in shaping that verdict. The assets of a copartnership, even though it be insolvent, are not held in trust by the members of the firm for the payment of copartnership debts; neither has the creditor a lien on such assets. (*Richards v. Leveille*, 44 Neb. 38; *Werner v. Iler*, 54 Neb. 576.) In *Crites v. Hart*, 49 Neb. 53, it was said: "We do

not understand that an individual or a partnership, the owner of property, even if insolvent, holds such property in trust for general creditors, in the true sense of the term, merely because the parties stand to each other in the relation of debtor and creditor. * * * The creditors do not, merely because they are creditors, have any lien, either legal or equitable, which is enforceable or recognized as such, or which interferes with the debtor's sale and disposal of property in any manner, provided it is not fraudulent or with intent to defraud creditors or to hinder and delay them in the collection of their claims." The "trust-fund" doctrine, as applied to corporations, was expressly repudiated by this court in *Shaw v. Robinson*, 50 Neb. 403. The giving of the instructions above quoted was erroneous and, as we think, prejudicially so. The judgment of the district court is, therefore, reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.